**William K. YOUNG, Plaintiff-Appellant,**

v.

**UNITED STATES FIDELITY & GUARANTY CO., a corporation, Defendant-Respondent.**

No. 10480.

Missouri Court of Appeals,
Southern District,
Division Two.

Aug. 2, 1979.

Motion for Rehearing or for Transfer to Supreme Court Denied Sept. 24, 1979.

Application to Transfer Denied
Nov. 14, 1979.

L. R. Buehner, Joplin, for plaintiff-appellant.

John R. Martin, Blanchard, Van Fleet, Martin, Robertson & Dermott, Joplin, for defendant-respondent.

HOGAN, Judge.

Plaintiff William K. Young appeals from the dismissal of his amended petition for actual and punitive damages. The order of dismissal disposes of all issues and all parties in the case and is therefore a final and appealable judgment. Rule 67.03, V.A. M.R.; *State ex rel. Schweitzer v. Greene,* 438 S.W.2d 229, 231[1] (Mo. banc 1969).

Plaintiff alleged that on April 17, 1972, he was injured while employed by a firm known as Ozark Engineering Company; that the injury arose out of and in the course of his employment and was serious, permanent and disabling. Plaintiff further averred that his employer was subject to the Missouri Workmen's Compensation Law and was fully insured under that act by the defendant. Defendant paid plaintiff benefits until May 7, 1975, and then discontin-

ued payment. Averring that he was still totally disabled within the meaning of the Workmen's Compensation Law, plaintiff alleged that defendant's refusal to pay further benefits was intentional, malicious, designed to "deprive plaintiff of his rights" under the Workmen's Compensation Law and to force him to accept an inadequate settlement of his claim. Plaintiff prayed actual damages in the amount of $50,000 as a result of defendant's intentional infliction of emotional distress, and further prayed punitive damages in the amount of $500,-000.

The defendant timely filed a motion to dismiss the petition, alleging that plaintiff's petition failed to state a claim upon which relief could be granted and further alleging in substance that the plaintiff had fully vested the Department of Labor and Industrial Relations with jurisdiction of the cause by filing a claim for compensation with the Division of Workmen's Compensation. Further, the defendant averred that the court had no jurisdiction of the subject [matter] of the action because: a) the Workmen's Compensation Law precludes resort to the courts, and b) plaintiff had failed to pursue his remedy before the Division of Workmen's Compensation. Two documents are attached to and incorporated in the answer. One is a copy of a claim for workmen's compensation filed by the plaintiff on July 23, 1975. It has been completed on the Division's form No. 1, prescribed by 8 CSR 50–5.070.[1] The claim recites that plaintiff suffered a severe spinal fracture on April 17, 1972; that defendant has paid compensation in the amount of $11,130, and that the plaintiff has been permanently and totally disabled. The other document attached is an answer to the claim for compensation which avers in very general terms that the plaintiff has received compensation for a period of 159 weeks and medical aid in the amount of $21,220.38 has been furnished. The answer concludes with a request for a pre-hearing conference.

In this court, counsel for plaintiff has sought to improve the record—from his point of view—by amending his petition on appeal. Rule 55.33(b), V.A.M.R., permits amendments to conform to the evidence even after judgment is entered. Plaintiff's stratagem has the virtue of ingenuity, but little else to commend it. It is unnecessary to define the limits of Rule 55.33(b); it is sufficient to say that almost all good advocates would improve the record on appeal if they were permitted to do so, but in the past we have refused to permit such outright supplementation of the record, and we refuse to permit it here. There is no showing that plaintiff ever sought to amend in the trial court. Plaintiff's position is much the same as counsel for the appellant in *City of Joplin v. Village of Shoal Creek Drive*, 434 S.W.2d 25, 28–29[4–7] (Mo.App. 1968), and for the reasons stated there, we refuse to consider the extraneous writings plaintiff has laid before us.

On the merits, plaintiff's position is best understood in light of the principle he has invoked. All are familiar with the doctrine of "bad faith" as applied to claims made against the insured by persons to whom the insured is liable. In such cases it is held that an insurer must act in good faith to make whatever payment or settlement an honest judgment and discretion would dictate; failure to comply with this duty may subject the insurer to liability in tort to the insured. *Zumwalt v. Utilities Ins. Co.*, 360 Mo. 362, 370, 228 S.W.2d 750, 753[2] (1950); *Craig v. Iowa Kemper Mut. Ins. Co.*, 565 S.W.2d 716, 722–723 (Mo.App.1978); *McCombs v. Fid. & Cas. Co. of N. Y.*, 231 Mo.App. 1206, 1216–1222, 89 S.W.2d 114, 118–121 (1936). Recovery is quite convincingly rationalized on the ground that the reservation of the exclusive right to contest or negotiate the claim against its insured imposes a fiduciary duty upon the carrier. *Craig v. Iowa Kemper Mut. Ins. Co.*, supra, 565 S.W.2d at 723; Annot., 34 A.L.R.3d 533 (1970). Actions brought against insurers

1. Since the enactment of Laws of Mo.1976, p. 768, effective March 1976, now codified as § 536.031(5), RSMo 1978, V.A.M.S., we are *required* to notice the regulations of state agencies.

for breach of this duty are referred to by the insurance industry itself as "third party bad faith" claims.

Over the past ten years, a number of decisions have by analogy extended the notion of "good faith" to claims made by the insured upon his policy. The precedents applying the "good faith" principle to claims made by the insured hold that an insurance company, in addition to its liability on the contract, may also be held to respond in tort if it fails to deal fairly with the insured in the settlement of a claim under the policy or acts oppressively or dishonestly to mitigate its liability to the insured. *Findley v. Time Ins. Company,* Ark., 573 S.W.2d 908 (banc 1979); *Gruenberg v. Aetna Ins. Co.,* 9 Cal.3d 566, 108 Cal.Rptr. 480, 510 P.2d 1032 (bank 1973); *Anderson v. Continental Ins. Co.,* 85 Wis.2d 675, 271 N.W.2d 368 (1978).[2] This is the principle plaintiff seeks to apply here. Cases in which the "bad faith" doctrine is invoked by the insured against his insurer are referred to as "first party" bad faith claims by the insurance industry. When the occasion has arisen, our courts have noted that the "first party" bad faith doctrine has not been recognized in this jurisdiction. *Craig,* supra, 565 S.W.2d at 720, n. 3; *Dyer v. General American Life Ins. Co.,* 541 S.W.2d 702, 704[2] (Mo.App.1976). We have no reason to examine the rationale of the "bad faith" cases here, for we have concluded that it should not be applied to workmen's compensation claims, even if it were recognized.

It has often been held that the Missouri Workmen's Compensation Law is wholly substitutional in nature and does not bar common law actions which have not been abolished in clear and unambiguous terms, *Harryman v. L & N Buick-Pontiac, Inc.,* 431 S.W.2d 193, 196 (Mo. banc 1968), but even so, there is no reason to apply the "first party" bad faith principle to a situation already covered by legislation sufficient to deter the conduct complained of. If the procedure outlined by the Division of Workmen's Compensation is followed, 8 CSR 50–2.010, the Division is kept continuously advised of the status of a claim for compensable injury; informal conferences may be held even if no claim has been filed. Moreover, the Division has the authority to make a temporary or partial award at any time, and ample authority to enforce its order. Section 287.510, RSMo 1978, V.A. M.S. The trial court's ruling was correct; we therefore affirm the judgment of dismissal even though the reasons assigned may have been erroneous or incomplete. *Spiking Sch. Dist. No. 71, DeKalb County v. Purported "Enlarged Sch. Dist. R–II DeKalb County,"* 362 Mo. 848, 859, 245 S.W.2d 13, 16–17[2] (banc 1952).

All concur.

---

2. For those interested, if any, there is a good deal of general literature on the subject. Justice Smith's opinion for the Arkansas court is a masterful exposition and analysis of the general law; periodical literature is cited there and in *Lawton v. Great Southwest Fire Ins. Co.,* N.H., 392 A.2d 576 (1978). Insurance counsel themselves seem to accept the idea that the insurer has an implied duty to act in good faith in settling claims made by the insured. See R. Langdon and C. Sytsma, "The Duty of Good Faith and Fair Dealing and the Pre-Adjudicatory Role of the Insurance Company Advocate", 45 Ins.Couns.J. 309, 312–313 (1978).