Jacqueline HOUSTON, Appellant,

v.

AETNA CASUALTY & SURETY COMPANY, a corp.,
Respondent.

No. 49716.

Missouri Court of Appeals,
Eastern District,
Division Five.

Nov. 26, 1985.

Joseph A. Fenlon, Clayton, for appellant.

Richard R. Kordenbrock, Brinker, Doyen & Kovacs, P.C., Clayton, for respondent.

MANFORD, Special Judge.

This is a civil action seeking damages for alleged outrage and intentional infliction of severe emotional distress. The circuit court entered a judgment dismissing the petition. The judgment is affirmed.

Appellant presents two points, which in summary charge the trial court erred in dismissing the petition, because (1) the petition alleges complaints that respondent's conduct was intentional and thus the matter is not exclusively within the Missouri Workers' Compensation Act, and (2) the petition, by its allegations, does meet the standard of "outrage".

Since this case is on review from a dismissal of the amended petition, review is therefore upon the documents of record only. The pertinent portions of appellant's amended petition reveal the following allegations: (1) appellant was an employee of respondent; (2) appellant sustained her injury within the course and scope of her employment; and (3) respondent undertook an outrageous and intentional course of conduct to inflict severe and emotional distress upon appellant. A subsequent paragraph then purports to set forth facts supportive of appellant's allegation of intentional infliction of severe and emotional distress. The *purported facts* are set forth below:

7. The acts referred to in paragraph 6 above are as follows, to-wit:

a) After plaintiff had been delivered to Christian Hospital Northeast by her employer, Dee Allen, and had been admitted as a patient, defendant advised the hospital that defendant would not pay the bill, as a result of which plaintiff was discharged from the hospital while in need of further treatment;

b) Acting with knowledge that plaintiff needed additional medical care, defendant advised plaintiff's physician that it would not pay his bill, and actively interfered with the physician-patient relationship to such extent that plaintiff's physician, Dr. Laird, refused to treat plaintiff thereafter;

c) Acting with knowledge that plaintiff was destitute and unable to work, and unable to provide for her basic needs while disabled, defendant refused to make any temporary disability payments to plaintiff, and in fact has not paid her so much as one cent to date;

d) Acting with knowledge that plaintiff's lack of treatment was causing her medical difficulties complicated by her diabetic condition, defendant refused to provide any medical treatment or even an examination to determine whether additional medical treatment was necessary;

e) When plaintiff was required to be admitted a second time to a hospital, defendant refused to be responsible for such treatment, to provide an examination, or even to inquire as to the cause when so advised.

In support of its motion to dismiss, respondent offered appellant's admission of her previous filing and the pendency of her workers' compensation claim. The trial court then entered the following order upon said motion to dismiss:

Defendant's Motion to Dismiss is sustained upon the ground the allegations pleaded fail to state a cause of action in that they do not rise to the level of 'outrageous' conduct, and upon the grounds that primary jurisdiction to adjudicate plaintiff's claim is provided by the Missouri Workers' Compensation Act.

This appeal followed.

The judgment of dismissal entered by the circuit court could be affirmed on either bases set forth. Since the trial court elected to set forth a double reason and both reasons are set forth with appellant's alleged errors, both are discussed infra for purposes of disposal of this appeal.

■ As regards appellant's point (1), it is readily disposed of by the ruling announced in *Young v. United States Fidelity and Guaranty,* 588 S.W.2d 46, 48 (Mo.App. 1979), wherein the court reasoned that no basis existed to examine the rationale of "bad faith" cases since jurisdiction of the claim rested exclusively with the Missouri Division of Workers' Compensation. The facts in the instant case bring it clearly within the rule of *Young.* It is evident that the trial court herein recognized that rule and correctly applied that rule in its order of dismissal.

Under point (2) presented by appellant, a more detailed discussion is perhaps applicable.

A review of appellant's amended petition clearly reveals allegations of intentional tort as against respondent. Thus, appellant's contention on this appeal regarding prima facie tort is not only not applicable to the factual basis of this cause, but moreover, appellant is bound by the rule that

"on appeal a party is bound by the position he took in the circuit court and will not be heard on a different theory." *In re Marriage of Kinnick,* 621 S.W.2d 104, 106 (Mo. App.1981).

Our state has recognized recovery for emotional distress arising from outrageous conduct. *Pretsky v. Southwestern Bell Telephone,* 396 S.W.2d 566 (Mo.1965). In *Pretsky,* the parameters or the standard by which such a cause of action arises was prescribed. A host of subsequent decisions have followed the rule in *Pretsky. See Williams v. School District of Springfield R-12,* 447 S.W.2d 256 (Mo.1969); *Frye v. CBS,* 671 S.W.2d 316 (Mo.App.1984); and *Rooney v. National Super Markets,* 668 S.W.2d 649 (Mo.App.1984) among several others.

In *Pretsky,* the Missouri Supreme Court, after reference to the Restatement of the Law of Torts Second 1965, Vol. I, pp. 71–83 (this court deems it unnecessary to repeat that material as it is readily observed in the *Pretsky* opinion), analyzed the petition and concluded that it did not state a cause of action. It is against this background that appellant's petition herein is reviewed and the conclusion reached.

■ When appellant's petition is reviewed and analyzed, it is readily apparent that appellant alleges respondent's refusal to provide medical care and other benefits to which she alleges she is entitled under the Missouri Workers' Compensation Act. The allegations set forth in appellant's petition are mere conclusions and not facts. Appellant's mere allegations of bad faith do not suffice. Thus, appellant's petition was subject to dismissal for failure to state facts. *State ex rel. Tax Commission v. Briscoe,* 451 S.W.2d 1, 5 (Mo. banc 1970); *Western Robidoux Printing & Lithographing v. Missouri State Highway Commission,* 498 S.W.2d 745, 749 (Mo.1973); *Oster v. Krib Ford, Inc.,* 611 S.W.2d 535, 536 (Mo.1981), citing *Pillow v. Great American Life Insurance,* 564 S.W.2d 276, 281 (Mo.App.1978).

Simply stated, appellant's petition does not state a cause of action under the rule in *Pretsky.* It is obvious that the trial court herein recognized that rule and correctly applied that rule in its order of dismissal.

Appellant thus is left to seek her remedy under and pursuant to her workers' compensation claim. The trial court did not err in the dismissal of appellant's petition upon either and/or both grounds set forth in its order of dismissal.

The judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.