767 F.Supp. 989 (1991)
Steve WALDERMEYER, Plaintiff,
v.
ITT CONSUMER FINANCIAL CORP. and Tom Roth, Defendants.
No. 90-2103-C-5.
United States District Court, E.D. Missouri, E.D.
May 6, 1991.
*990 Marylou Calzaretta, Richard L. Geissal & Associates, St. Louis, Mo., and Daniel J. McMichael, McMichael & Logan, Chesterfield, Mo., for plaintiff.
Terry L. Potter and John B. Renick, McMahon Berger Hanna Linihan Cody & McCarthy, St. Louis, Mo., for defendants.

MEMORANDUM
LIMBAUGH, District Judge.
Plaintiff Steve Waldermeyer originally filed this action in the Circuit Court of the City of St. Louis against his former employer ITT Consumer Financial Corporation and its agent Tom Roth. He alleges he had a physical condition that prohibited him from working overtime and that defendants fired him for refusing to work overtime without compensation. On October 29, 1990, plaintiff filed his second amended petition. Count I alleged violation of the Missouri Civil Rights Act; Count II alleged wrongful discharge and intentional infliction of emotional distress; and, Count III alleged violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. On November 8, 1990, defendants removed *991 this case from state court to this court pursuant to 28 U.S.C. § 1441(a) alleging federal question jurisdiction based on the newly added Count III asserting an FLSA claim.
This matter is before the Court on 1) plaintiff's motion to remand; 2) defendants' motion to dismiss or strike; and 3) plaintiff's motion for jury trial and defendants' motion to strike plaintiff's jury demand.

I. Motion to Remand

For his motion to remand, plaintiff contends that the case is not removable because state and federal courts have concurrent jurisdiction over actions brought under the Fair Labor Standards Act. Plaintiff's position is in error. The federal removal statute allows removal from state to federal court when the federal district court would have had original, not exclusive, jurisdiction.
Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
28 U.S.C. § 1441(a).
This Court would have had original jurisdiction over plaintiff's FLSA claim. Section 216(b) of the FLSA allows an employee to sue his or her employer for violations of the act in state or federal court. Further, Congress has not expressly provided that FLSA actions cannot be removed from state to federal court. Thus removal was proper, and plaintiff's motion to remand will be denied.

II. Motion to Dismiss or Strike

Defendants move to dismiss Counts I and II or, in the alternative, strike claims made within Counts I and II. In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir.1986). The court should not grant a motion to dismiss merely because the complaint does not state with precision every element of the offense necessary for recovery. 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216 at 120 (1969). A complaint is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." Id. at 122-123. Moreover, a court should not dismiss a complaint unless it "appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. at 45-46, 78 S.Ct. at 102. Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). With this standard in mind, the Court turns to an examination of the plaintiff's complaint.

A. Count I: Missouri Human Rights Act

1. Timeliness of filing of petition

In Count I, plaintiff claims that he was discharged because of a handicap in violation of the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010 et seq. In support of their motion to dismiss, defendants first argue plaintiff's Chapter 213 claim is barred as untimely filed. Defendants' position is in error.
Section 213.111 provides:
... Any action brought in court under this section shall be filed within ninety days from the date of the commission's notification letter to the individual but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party.
Rev.Mo.Stat. § 213.111(1) (Supp.1991) (emphasis added).
In this case, the date of the commission's notification letter to plaintiff is March 27, 1990 and plaintiff filed his original petition *992 in state court on June 25, 1990. The issue is when the clock starts to run. Defendants contend the date of the letter should be included in the ninety-day count, which would mean the deadline for filing the petition was June 24, 1990. The Court takes judicial notice of the fact that June 24, 1990, was a Sunday. Plaintiff argues the date of the letter is not counted, which would mean the petition was timely filed on the last day of the period, June 25, 1990.
As a preliminary matter, plaintiff filed his petition in state court, so the state rules will govern the computation of time. Rule 44.01 of the Missouri Rules of Civil Procedure provides:
[I]n computing any period of time ... by any applicable statute, the day of the act ... after which the designated period of time begins to run is not to be included. The last day of the period so computed is to be included, unless it is a Saturday, Sunday or legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.
Mo.R.Civ.Proc. Rule 44.01(a).
Defendants' argue plaintiff cannot rely on Rule 44.01 because it does not apply to proceedings "still administrative" and cites in support Cardinal Glennon Memorial Hospital Coffee Shop v. Director of Revenue, 624 S.W.2d 115, 117-18 (Mo.App.1981) and R.B. Industries, Inc. v. Goldberg, 601 S.W.2d 5, 6 (Mo. banc 1980). However, as plaintiff correctly noted, those cases both examined Rev.Stat.Mo. 536.110 which sets out the time within which an appeal must be filed in an administrative review. Even with § 536.110 governing review of administrative proceedings, if the last day for filing falls on a Sunday, the time limit is extended through the following Monday. O'Hara v. Harline, 692 S.W.2d 635 (Mo. App.1985).
Nonetheless, this is not a proceeding "still administrative," but a civil action in judicial court, so Rule 44.01 governed plaintiff's time for filing in state court. Further, the Missouri statutes specifically address the computation of time in the construction of statutes.
The time within which an act is to be done shall be computed by excluding the first day and including the last. If the last day is Sunday it shall be excluded.
Rev.Mo.Stat. § 1.040 (Vernon's 1969). See, e.g., O'Hara, 692 S.W.2d at 635. Under § 1.040 the first day, the date of the letter, March 27, 1990, is excluded, making the ninetieth day for filing June 25, 1990. Therefore, plaintiff's petition was timely filed and defendant's motion to dismiss Count I as time barred is denied.

2. Tom Roth as proper party

Defendant Tom Roth also moves to dismiss on the grounds that he is not a proper party under Section 213.111 because plaintiff named only ITT as the respondent in his complaint to the Missouri Human Rights Commission ("MHRC").
Section 213.111 authorizes a person claiming to be aggrieved by an unlawful discriminatory practice to bring a civil action if he first files an administrative complaint with the Missouri Human Rights Commission and it denies the complaint or fails to act on the complaint within 180 days after it was filed. In that case, the complainant may request "a letter indicating [his] right to bring a civil action ... against the respondent named in the complaint." After the receipt of the right to sue letter, the complainant must file an action in court within 90 days. Rev. Stat.Mo. § 213.111 (Supp.1991).
Plaintiff admits that he named only ITT in his MHRC complaint, but contends that the commission's complaint form misled him to name only the entity against whom he sought to complain. He asserts that because Roth was named in the body complaint as a person responsible for his firing, he was on notice of the complaint as an employee of ITT.
Defendants attached a copy of the complaint form as Exhibit A to their motion to dismiss. The first block on the form provides space for the name and address of the "person making the complaint." Second is: "I wish to complain against" followed by space for another name and address. Parenthetically, it instructs one to "use a separate form for each company, *993 union, employment agency, or place of public accommodation, if more than one is complained against." Plaintiff named ITT and did not attach any additional sheets. In the last section of the form, labeled "explain what was done," plaintiff named Tom Roth as one of the persons responsible for his firing.
It appears that no Missouri court has addressed the issue of whether naming an individual within the body of a complaint against the employer satisfies the jurisdictional prerequisite of filing a complaint with MHRC. In the absence of state law, a federal court may look to analogous federal law for guidance. See Stewart v. Yellow Freight Systems, Inc. of Indiana, 702 F.Supp. 230, 231 (E.D.Mo.1988).
Defendant contends this action is similar to a claim brought under a federal discrimination statute, Title VII of the Civil Rights Act of 1964, 29 U.S.C. § 2000e et seq. ("Title VII"). Title VII requires that a person claiming employment discrimination must first file a charge with the Equal Employment Opportunity Commission. If the EEOC is unable to secure an acceptable conciliation agreement, "a civil action may be brought against the respondent named in the charge ... by the person claiming to be aggrieved...." Dickey v. Greene, 710 F.2d 1003, 1005 (4th Cir.1983) (citing 42 U.S.C. § 2000e-5(f)(1) (emphasis added)).
Courts interpret the requirements of filing a charge with the EEOC as jurisdictional prerequisite to a Title VII suit. Id. (citations omitted). The requirement serves two purposes. First, it notifies the charged party of the alleged violation. Second, it permits effectuation of the Act's primary goal, securing voluntary compliance with the law. Id. (citation omitted).
The Eighth Circuit has held that in some cases the failure to name an individual in a charge against an employer will not bar suit. "The filing of an EEOC charge is unnecessary where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." Greenwood v. Ross, 778 F.2d 448, 451 (8th Cir. 1985) (citations omitted). "The purpose behind this exception is to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charge." Id. (quoting Eggleston v. Chicago Journeymen Plumbers, 657 F.2d 890, 905 (7th Cir.1981), cert. denied, 455 U.S. 1017, 102 S.Ct. 1710, 72 L.Ed.2d 134 (1982)). "A suit is not barred `where there is sufficient identity of interest between the respondent and the defendant to satisfy the intention of Title VII that the defendant have notice of the charge and the EEOC have an opportunity to attempt conciliation."' Id. (quoting Romero v. Union Pacific R.R., 615 F.2d 1303, 1311 (10th Cir. 1980)).
In this case, defendant Tom Roth is regional manager for defendant ITT. There may be a sufficient "identity of interest" to excuse plaintiff's failure to name him as respondent. Plaintiff's MHRC complaint against ITT specifically accused Roth of making the decision to discharge him. In his affidavit, Roth states only that to his knowledge no charge of discrimination naming him as respondent was ever made. He does not deny knowledge of the complaint or involvement in any conciliation efforts.
For purposes of this motion to dismiss, the Court will view the facts in the light most favorable to the plaintiff and assume that Roth had knowledge of the plaintiff's alleging he was responsible for plaintiff's allegedly discriminatory discharge. It does not appear "beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46. Thus, defendant's motion to dismiss Tom Roth from Count I will be denied.

3. Claims of emotional distress

Defendants also move to dismiss plaintiff's claims for emotional distress in Count I. The law is that Missouri's Workers' Compensation law provides the exclusive remedy for emotional distress inflicted during the course of employment. Russell v. United Parcel Service, Inc., 666 F.2d 1188 (8th Cir.1981); Harrison v. Reed Rubber Co., 603 F.Supp. 1456 (E.D.Mo.1984); Houston v. Aetna Casualty and Surety Co., 701 S.W.2d 207 (Mo.App.1985); Todd *994 v. Goostree, 493 S.W.2d 411 (Mo.App.1973). Accordingly, defendants' motion to dismiss plaintiffs' claims of emotional distress will be granted.

4. Punitive damages

Defendants' also move to strike plaintiffs' prayer for punitive damages. This is not the case where "plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco, 676 F.2d 332 at 334.
Accordingly, defendants' motion to strike plaintiff's claim for punitive damages is denied.

B. Count II: Common Law Wrongful Discharge and Emotional Distress
In Count II, plaintiff alleges common law wrongful discharge and emotional distress claim based on the discharge.
Because of Missouri's "employee at will" status, no cause of action exists for wrongful discharge. See Costello v. Shelter Mut. Ins. Co., 697 S.W.2d 236, 237 (Mo. App.1985). Additionally, as previously stated, the law is that Missouri's Workers' Compensation law provides the exclusive remedy for emotional distress inflicted during the course of employment. Russell, 666 F.2d 1188; Harrison, 603 F.Supp. 1456; Houston, 701 S.W.2d 207; Todd, 493 S.W.2d 411. Missouri does not recognize violation of public policy as an independent cause of action. Monroe v. Consolidated Freightways, 654 F.Supp. 661 (E.D.Mo. 1988). Thus, it is clear that plaintiff cannot state a claim for wrongful discharge and he cannot recover in this action for emotional distress arising from his employment with defendants.
Accordingly, defendants' motion to dismiss Count II for wrongful discharge and emotional distress is granted.

III. Motion for Jury Trial and Motion to Strike Jury Demand

Rule 38(a) states that the right of trial by jury as declared by the Seventh Amendment, or as given by federal statute, "shall be preserved to the parties inviolate." A party's failure to demand a jury within the ten-day period following service of the last pleading to that issue waives that right. Fed.R.Civ.Pro. 38(b), 38(d). The Court, however, has discretion to relieve the plaintiff of such a waiver and order a jury trial upon the plaintiff's motion. Fed.R.Civ.Pro. 39(b). Generally, "jury trials ought to be liberally granted when no prejudice results." Littlefield v. Fort Dodge Messenger, 614 F.2d 581, 583 (8th Cir.1980).
Plaintiff did not timely demand a jury trial. Plaintiff moved for a jury trial on December 17, 1990, nearly two months after he filed his second amended petition. Nonetheless, the Court will order a jury trial on the issues to which plaintiff would be entitled to a jury.
In Count I, plaintiff alleges defendants violated the Missouri Human Rights Act. Plaintiff is entitled to a jury trial on claims brought pursuant to the Human Rights Act. Stewart v. Yellow Freight Systems, Inc. of Indiana, 702 F.Supp. 230, 231 (E.D. Mo.1988).
In Count III, plaintiff alleges defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. Plaintiff claims that defendants fired him in retaliation for his refusal to work overtime without compensation. He asserts the discharge was a discriminatory discharge in violation of FLSA Section 15(a), 29 U.S.C. 215(a) and seeks back wages and liquidated damages pursuant to Section 16(b), 29 U.S.C. 216(b). There is a right to trial by jury in actions brought by employees pursuant to Section 16(b) of the Fair Labor Standards Act.
Accordingly, plaintiff's motion for jury trial will be granted and defendants' motion to strike plaintiff's jury demand will be denied.

ORDER
In accordance with the memorandum filed herein this day,
IT IS HEREBY ORDERED that plaintiff's motion to remand is DENIED.
IT IS FURTHER ORDERED that defendants' motion to dismiss is GRANTED in part and DENIED in part.
IT IS FURTHER ORDERED that defendants' motion to dismiss Count I under the *995 Missouri Human Rights Act as time barred is DENIED. Defendants' motion to dismiss defendant Tom Roth from Count I is DENIED. Defendants' motion to dismiss plaintiff's claims for emotional distress in Count I is GRANTED. Defendants' motion to strike plaintiff's prayer for punitive damages in Count I is DENIED.
IT IS FURTHER ORDERED that defendants' motion to dismiss Count II is GRANTED. Count II for wrongful discharge and emotional distress is DISMISSED.
IT IS FINALLY ORDERED that plaintiff's motion for jury trial is GRANTED and defendants' motion to strike plaintiff's jury demand is DENIED.