808 F.Supp. 1420 (1992)
Winifred SULLIVAN, Plaintiff,
v.
CURATORS OF the UNIVERSITY OF MISSOURI, Defendant.
No. 91-1190C(7).
United States District Court, E.D. Missouri, E.D.
November 23, 1992.
*1421 Samuel H. Liberman, Clayton, Mo, for plaintiff.
Ellen Cruickshank and W. Dudley McCarter, Clayton, MO, for defendant.

MEMORANDUM AND ORDER
HAMILTON, District Judge.
This matter is before the Court pursuant to Defendant's Second Motion to Strike and Defendant's Motion for Summary Judgment on Count III of Plaintiff's Complaint. Plaintiff brings this action under 42 U.S.C. § 2000e et seq., 42 U.S.C. § 1981, and the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010 et seq. Plaintiff claims that Defendant discriminated against her because of her race. Count III of the action is a claim for relief under the Missouri Human Rights Act.
Defendant moves this Court to strike: 1) Plaintiff's Count III claims for humiliation, harassment, emotional distress, mental anguish and damage to reputation; 2) Plaintiff's Count III claim for punitive damages; and 3) Plaintiff's demand for a jury trial as to Count III. Defendant also moves this Court for an order for summary judgment against the Plaintiff as to Count III.

I. MOTION TO STRIKE COUNT III CLAIMS FOR HUMILIATION, HARASSMENT, EMOTIONAL DISTRESS, MENTAL ANGUISH AND DAMAGE TO REPUTATION
Defendant moves this Court to strike Plaintiff's Count III claims for humiliation, harassment, emotional distress, mental anguish and damage to reputation on two grounds: 1) that an action for the damages sought by Plaintiff may be brought only under the Missouri Workers' Compensation Law since the claims arise from Plaintiff's employment; and 2) that the damages claimed in Count III are not medically significant or diagnosable and, therefore, are not recoverable by Plaintiff.

A. EFFECT OF WORKERS' COMPENSATION LAW
The Plaintiff's Count III claim is brought under the Missouri Human Rights Act (hereinafter "MHRA"), the purpose of which is apparent in § 213.020, which notes that the function of the Missouri Commission on Human Rights is to
encourage fair treatment for and to foster mutual understanding and respect among, and to discourage discrimination against, any racial, ethnic, religious or other group protected by this chapter, members of these groups or handicapped persons.
Mo.Rev.Stat. § 213.020 (Supp.1992).
More specifically, the MHRA makes unlawful certain employment practices, including the failure or refusal to hire or the discrimination against any individual with respect to compensation, terms, conditions, or privileges of employment because of that individual's race, color, religion, national origin, sex, ancestry, age or handicap. Mo.Rev.Stat. § 213.055.1(1)(a) (Supp. 1992). When interpreting the MHRA, the court is to construe its provisions so as to "accomplish the purposes thereof and any law inconsistent with any provision of this *1422 chapter shall not apply." Mo.Rev.Stat. § 213.101 (Supp.1992).
Defendant argues that the Plaintiff's claim for emotional damages under the MHRA is compensable only under the Workers' Compensation Law because the claim arose during her employment. The exclusivity provision of the Missouri Workers' Compensation Law, set forth in § 287.120.2, provides:
The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.
Mo.Rev.Stat. § 287.120.2 (Supp.1992).
The Missouri Supreme Court has determined that Missouri's "workers' compensation law is substitutional; it supplants all other common-law rights of an employee if the act is applicable." State ex rel. McDonnell Douglas Corp. v. Ryan, 745 S.W.2d 152, 153 (Mo. banc 1988).
According to Missouri law, the primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning. Wolff Shoe Co. v. Director of Revenue, 762 S.W.2d 29, 31 (Mo. banc 1988). In construing a statute, the court must presume that the legislature was aware of the state of the law at the time of the statute's enactment. Nicolai v. City of St. Louis, 762 S.W.2d 423, 426 (Mo. banc 1988). When two statutes are repugnant in any of their provisions, the later act, even without a specific repealing clause, operates, to the extent of the repugnancy, to repeal the first. Morrow v. City of Kansas City, 788 S.W.2d 278, 281 (Mo. banc 1990).
Among other forms of relief, the MHRA allows recovery of actual damages to victims of discrimination. Mo.Rev.Stat. § 213.111.2 (Supp.1992). Actual damages may include awards for emotional distress and humiliation. Joplin v. Missouri Comm'n on Human Rights, 642 S.W.2d 370, 375 (Mo.App.1982) (compensation for emotional distress and humiliation are actual damages under MHRA in housing discrimination case).
The Court must presume that the legislature did not intend the Workers' Compensation Law to preempt the MHRA's damage awards to victims of discrimination, for two reasons. First, the MHRA was enacted by the Missouri legislature in 1986, replacing in its entirety Chapter 26 of the Missouri Revised Statutes, entitled Discriminatory Employment Practices. At that time, the Workers' Compensation Law, including its exclusivity provision, was well known to the courts and the legislature. At that time, it was also clear at that time that the Workers' Compensation Law provided remedies for emotional distress claims. Russell v. United Parcel Service, Inc., 666 F.2d 1188, 1192 (8th Cir.1981). Applying the presumption that the legislature was aware of the state of the law, the Court must conclude that the legislature intended the provision for actual damages in the MHRA to operate as an exception to any contrary provision or interpretation involving the Workers' Compensation Law.
Second, the MHRA explicitly states in § 213.101 that any law inconsistent with it "shall not apply." A plain and ordinary reading of this provision must be understood to mean that any prior law or interpretation that is inconsistent with the provisions of the MHRA is not to change the rights and remedies provided by the MHRA.
In support of its Motion to Dismiss Plaintiff's emotional distress claims, Defendant cites Waldermeyer v. ITT Consumer Financial Corp., 767 F.Supp. 989 (E.D.Mo. 1991), in which the plaintiff's claims for emotional distress were dismissed on the ground that the Missouri Workers' Compensation Law provides the exclusive remedy for emotional distress inflicted during the course of employment. Although the plaintiff in Waldermeyer alleged a violation of the MHRA, in dismissing his claims for emotional distress, the court did not address the purposes of the MHRA, did not *1423 interpret the meaning and impact of Mo. Rev.Stat. § 213.101, and did not examine the relationship between the MHRA and the Workers' Compensation Law. Furthermore, the cases relied on by the court in Waldermeyer to support its decision to dismiss do not involve claims arising out of the MHRA. Plaintiffs in those cases raised common-law tort claims.[*]
The Court's conclusion that emotional distress damages under the Missouri Human Rights Act are not preempted by the exclusivity provision of the Missouri Workers' Compensation Law is supported by at least three cases decided within the Eastern District of Missouri. Moore v. Monsanto Co., No. 90-0377C(5) (E.D.Mo. Feb. 29, 1992) (Limbaugh, J.); Barba v. BPS Guard Services d/b/a Wells Fargo Guard Services, No. 90-1903C(2), 1992 WL 406540 (E.D.Mo. Feb. 29, 1992) (Filippine, C.J.); Kientzy v. McDonnell Douglas Corp., No. 90-584C(1) (E.D.Mo. Aug. 30, 1990) (Nangle, then C.J.). At least two decisions in the Western District of Missouri courts concur as well. Smith v. Ford Motor Co., No. 89-962-CV-W-6, 1990 WL 301520 (W.D.Mo. March 17, 1990) (Sachs, C.J.); Pryor v. United States Gypsum Co., 585 F.Supp. 311 (W.D.Mo.1984) (Stevens, J.).
The Court finds further support for its conclusion in the recent enactment of Missouri House Bill 975 which amended § 287.120 of the state's Workers' Compensation Law to read, in relevant part:
9. A mental injury is not considered to arise out of and in the course of the employment if it resulted from any disciplinary action, work evaluation, job transfer, lay off, demotion, termination or any similar action taken in good faith by the employer.
H.B. 975, X General Assembly (1992) (enacted). As a result of this amendment, the Workers' Compensation Law no longer provides a remedy for mental injuries in situations applicable to the case at bar. As such, the Workers' Compensation Law cannot preempt Plaintiff's claims for mental injury because it is no longer applicable to Plaintiff.
For the reasons stated above, the Court declines to dismiss Plaintiff's Count III claims on the grounds that the alleged injuries come within the exclusive domain of the Missouri Workers' Compensation Law.

B. MEDICALLY SIGNIFICANT REQUIREMENT
Defendant also seeks to dismiss Plaintiff's Count III claims on the grounds that the damages claimed are not medically significant or diagnosable. A plaintiff's emotional distress or mental injury must be medically diagnosable and must be of sufficient severity so as to be medically significant. Bass v. Nooney Co., 646 S.W.2d 765, 772-73 (Mo. banc 1983). Therefore, Plaintiff must prove by expert medical testimony that her injuries meet the Bass standard. See Casey v. Casey, 736 S.W.2d 69, 72 (Mo.App.1987). That Plaintiff testified in deposition that she sought no medical assistance does not, in and of itself, establish that her injuries were not medically diagnosable or of significant severity as to be medically significant. Plaintiff may call an expert at trial to establish the extent of her injuries. Therefore, the Court declines at this time to dismiss Count III on Defendant's grounds that the damages claimed are not medically significant or diagnosable.
The Defendant's Motion to Strike Count III claims for humiliation, harassment, emotional distress, mental anguish, and damage to reputation will be denied.

II. MOTION TO STRIKE COUNT III CLAIM FOR PUNITIVE DAMAGES
Defendant moves to strike Plaintiff's claim for punitive damages under Count III because the allegations in her Complaint are insufficient to meet the requirements of Burnett v. Griffith, 769 S.W.2d 780 (Mo. banc 1989). Plaintiff responded by filing a Motion for Leave to Amend the Complaint along with a First Amended Complaint. The only amendment *1424 to the original Complaint is to change the punitive damages allegation to conform to the Burnett requirements. In light of the continuances granted in this matter, Defendant has failed to show that this amendment would cause it undue prejudice. Therefore, Plaintiff's Motion for Leave to Amend the Complaint will be granted.
This Court also rejects Defendant's argument that to allow Plaintiff to seek the recovery of punitive damages on the basis that her allegations would violate the due process standard set forth by the United States Supreme Court in Pacific Mutual Life Ins. Co. v. Haslip, ___ U.S. ___, 111 S.Ct. 1032, 113 L.Ed.2d 1 (1991). In Pacific Mutual, the Supreme Court conceded that unlimited jury discretion or unlimited judicial discretion in the fixing of punitive damages may invite extreme results. ___ U.S. at ___, 111 S.Ct. at 1043. The court also noted, however, that it could not draw a bright-line rule between constitutionally acceptable and constitutionally unacceptable punitive damages awards. Id. When evaluating awards, the courts are to consider "general concerns of reasonableness and adequate guidance from the court when the case is tried to a jury." Id. In Pacific Mutual, the court allowed punitive damages four times the amount of compensatory damages, 200 times the out-of-pocket expenses of respondent Haslip, and well in excess of the fine which could have been imposed under state law. Id., ___ U.S. at ___, 111 S.Ct. at 1046.
Based on the Supreme Court's determination that an evaluation of the constitutionality of punitive damages awards includes an evaluation of the guidance provided by the court to a jury, it is premature to conclude on the basis of a pre-trial motion that the recovery of punitive damages would violate due process.
Defendant's Motion to Strike the Count III claim for punitive damages, therefore, will be denied.

III. MOTION TO STRIKE COUNT III DEMAND FOR A JURY TRIAL
Defendant also moves this Court to strike Plaintiff's demand for a jury trial as to Count III, the MHRA claims.
Two cases decided in the Eastern District of Missouri have denied a defendant's Motion to Strike plaintiff's jury demand with respect to claims brought in federal court under the MHRA. In both Eskridge v. State Farm Mutual Automobile Ins. Co., No. 91-981C(5) (E.D.Mo. April 13, 1992), and Stewart v. Yellow Freight Systems, 702 F.Supp. 230 (E.D.Mo.1988), the court held that a plaintiff in federal court is entitled to a jury trial on MHRA claims pursuant to the Seventh Amendment to the U.S. Constitution.
The Missouri Court of Appeals, however, has determined that the legislative history of the MHRA indicates that no right to a jury trial exists under that statute and that there is no right to a jury trial under the MHRA pursuant to the Missouri Constitution. State ex rel. Tolbert v. Sweeney, 828 S.W.2d 929 (Mo.App.1992); Pickett v. Emerson Electric Co., 830 S.W.2d 459 (Mo. App.1992).
The right of jury trial in federal court is governed entirely by federal law. Simler v. Conner, 372 U.S. 221, 222, 83 S.Ct. 609, 610-11, 9 L.Ed.2d 691 (1963). The court in Eskridge concluded, therefore, that the decisions of the Missouri Court of Appeals did not require it to depart from its decision in Stewart. Eskridge, No. 91-981C(5), slip op. 2-3. Therefore, Defendant's Motion to Strike Plaintiff's Count III demand for a jury trial will be denied.

IV. MOTION FOR SUMMARY JUDGMENT AS TO COUNT III
In view of this Court's resolution of the above matters, the Defendant's Motion for Summary Judgment as to Count III will be denied.
ACCORDINGLY,
IT IS HEREBY ORDERED that the Defendant's Motion to Strike Plaintiff's Count III claims for humiliation, harassment, emotional distress, mental anguish and damage to reputation be DENIED.
IT IS FURTHER ORDERED that the Defendant's Motion to Strike Plaintiff's *1425 Count III claim for punitive damages be DENIED.
IT IS FURTHER ORDERED that the Plaintiff's Motion for Leave to Amend the Complaint be GRANTED.
IT IS FURTHER ORDERED that the Defendant's Motion to Strike Plaintiff's demand for a jury trial as to Count III be DENIED.
IT IS FURTHER ORDERED that the Defendant's Motion for Summary Judgment as to Count III be DENIED.
NOTES
[*] Russell v. United Parcel Service, Inc., 666 F.2d 1188 (8th Cir.1981); Harrison v. Reed Rubber Co., 603 F.Supp. 1456 (E.D.Mo.1984); Houston v. Aetna Casualty and Surety Co., 701 S.W.2d 207 (Mo.App.1985); Todd v. Goostree, 493 S.W.2d 411 (Mo.App.1973).