STODDARD COUNTY, *Appellant*, v. MALONE.

Division One, May 8, 1893.

1. **Trespass:** SWAMP LANDS: PROOF OF TITLE. A certificate of the register of lands showing the selection of the lands described in the petition as swamp lands, under the act of congress, approved September 25, 1850, and a patent from the state therefor to the county, under the act of the Legislature of March 10, 1869, are sufficient to show title in a county in an action by it for trespass on such lands.

2. ———: ———: ———. The county, on its ownership of the land, no other person being in its actual occupancy, can maintain trespass for injuries caused by cutting and taking timber therefrom.

3. ———: STATUTE OF LIMITATIONS. The statute of limitations to be available in such case must be pleaded.

*Appeal from Butler Circuit Court.*—G. H. BENTON, ESQ., Special Judge.

REVERSED AND REMANDED.

*C. L. Keaton,* for appellant.

(1) The error in giving judgment against the evidence offered and the inferences therefrom, that defendant, Malone, directed the timber cut, knew it came from plaintiff's land, received it and appropriated it to his own use should cause a reversal. *Schenck v. Saulter,* 73 Mo. 46; *Noeninger v. Vogt,* 88 Mo. 589; *Rine v. Railroad,* 100 Mo. 228; *Holliday v. Jackson,* 21 Mo. App. 660. (2) The error of the court in sustaining the demurrer to the plaintiff's evidence, we contend is clearly reversable error. The petition alleges that the defendant, Malone, was the principal trespasser, and the evidence proved him to be such, and this ruling of the court must reverse this case. *Noeninger v. Vogt,* 589, *loc. cit.* 592–3; *Rine v. Railroad, supra.* (3) The amended petition was only a restatement of the same cause of action, and related to the filing of the original petition and beginning of the suit. Revised Statutes, secs. 2104, 2107; *Man v. Schroer,* 50 Mo. 306; *Ward v. Davidson,* 89 Mo. 445 (455). (4) This is "an action for trespass on real estate" and the right of action runs for five years from the trespass next before the bringing of this action. Revised Statutes, sec. 6775; *James v. City of Kansas,* 83 Mo. 576. (5) By act of general assembly of Missouri, February 28, 1855, the fee and ownership of this land was vested in plaintiff. Revised Statutes, 1855, sec. 3, p. 1006; Revised Statutes, 1889, sec. 6461; *Linville v. Buchanan,* 60 Mo. 554; *Mitchell v. Nodaway Co.,* 80 Mo. 257. (6) Defendant Malone as a naked trespasser cannot question plaintiff's title. *Reed v. Price,* 30 Mo. 442; *Watts v. Loomis,* 81 Mo. 236; *Holliday v. Jackson,* 21 Mo. App. 660. (7) The judgment is clearly for the wrong party and against both the law and the evidence and should be reversed and judgment given here. *Garrett v. Greenwell,* 92 Mo. 120, and above points and author-

ities.    (8) Defendant Malone was the principal trespasser, and judgment should have been given for plaintiff against him for the full amount demanded. *Cooper v. Johnson*, 81 Mo. 483, and cases cited.

*Phillips & Walker*, for respondent.

(1) This is an action for damages for trespass under the statutes.    Revised Statutes, 1889, sec. 8675, *et seq.*; *Holliday v. Jackson,* 21 Mo. App. 660; *Young v. Railroad*, 33 Mo. App. 509; *Hewitt v. Harvey*, 46 Mo. 368; *Railroad v. Freeman*, 61 Mo. 80.    (2) Party cannot sue for trespass under the statute and recover for trespass at common law.    *Holliday v. Jackson*, 21 Mo. App. 660;  *Young v. Railroad*, 33 Mo. App. 509; *McCormick v. Kaye,* 41 Mo. App. 263.    (3) The party complaining must stand or fall by the theory on which he tried the case in the court below.    When the cause was tried in the court below and adjudicated on a particular theory, it must be reviewed by the appellate court on the same theory.    *Fell v. Mining Co.*, 23 Mo. App. 216; *Holmes v. Braidwood*, 82 Mo. 610; *Martinowsky v. Hannibal*, 35 Mo. App. 70; *Richardson v. Palmer*, 36 Mo. App. 88.    (4) When the trial court is intrusted with both facts and law, this court must assume the facts to be as that court found them, and has only the power to review the law declared by such court.    *Swayze v. Bride*, 34 Mo. App. 414; *Warren & Son v. Maloney*, 39 Mo. App. 295.    (5) Instruction number 1 asked by appellant, was not the law, and was properly refused.    Instruction numbered 2 was not the law and was properly refused.    *Holliday v. Jackson*, 21 Mo. App. 660, further adjudicated in *Young v. Railroad*, 33 Mo. App. 509.    (6) When a party alleges one kind of trespass and proves another, it is proper that the court should give an instruction in the nature of

a demurrer to the testimony. 2 Thompson on Trials, tit. 5, ch. 63, sec. 2251; *Railroad v. Chastine*, 54 Miss. 503.

BRACE J. —This is an action of trespass instituted in the circuit court of Stoddard county on the tenth day of November, 1881, taken by change of venue to the circuit court of Butler county in October, 1882, and tried in that court on an amended petition filed on the eleventh of May, 1888, in which for cause of action it was substantially charged that on the tenth day of November, 1876, and at divers other times the defendant without leave and wrongfully entered upon certain lands therein described, of which the plaintiff was the owner, and did cut down and carry off and cause to be cut down and carried off divers trees and timber of the plaintiffs, which the said defendant converted to his own use, of the value of $2,000, for which amount judgment was asked. The answer was a general denial. The case was tried by the court without a jury.

The plaintiff introduced in evidence a certificate of the register of lands, showing the selection of the lands described as swamp lands under the act of congress, approved September 25, 1850, and a patent from the state of Missouri therefor to the county of Stoddard, under the act of the legislature approved March 10, 1869, and parol evidence tending to prove that during the years 1876, 1877 and 1878, the defendant was operating a saw mill on Little River in the neighborhood of these lands; that at that time the land was vacant, unimproved timber land; that during that period sundry persons at divers times entered upon these lands, cut down a large number of valuable treees, cut them up into logs and posts and hauled them to said mill, where they were sawed into lumber suitable for market by the defendant and the lumber thereafter

sold or otherwise disposed of by him for his own profit. That the timber was so cut and hauled to said mill by such persons from these lands either as his employees, by his direction, or, at all events, with his knowledge and consent.

The court, at the close of plaintiff's evidence sustained a demurrer thereto and rendered judgment for the defendant, from which the plaintiff appeals.

I. The plaintiff's evidence was sufficient to show title to the premises. *Linville v. Bohanan*, 60 Mo. 554; *Mitchell v. Nodaway Co.*, 80 Mo. 257; *Pool v. Brown*, 98 Mo. 676; 2 Revised Statutes, 1855, sec. 1, p. 1005; Acts, 1857, p. 32; Acts, 1869, p. 66.

II. The plaintiff being the owner of the land and no other person being in the actual occupancy thereof, can maintain its action for the injury complained of. *Brown v. Hartzell*, 87 Mo. 564 and cases cited.

III. The facts stated in the amended petition constitute a good cause of action for trespass on real estate, in which plaintiff only sought to recover single damages, and which would not be barred within a less period than five years. Revised Statutes, 1879, sec. 3230. The facts stated in the amended petition are substantially the same as those stated in the original petition. The evidence tended strongly to prove the cause of action stated, and we find nothing to warrant the action of the court in sustaining the demurrer to the evidence.

In order to sustain the judgment, counsel for respondent argue that the action was a statutory one for triple damages, and that the evidence did not tend to prove that trespasses complained of were committed within three years next before the filing of the original petition. The petition itself, the substance of which has been given, is a sufficient answer to this contention, but even if the argument were sound, it

can avail the defendant nothing, as there was no plea of the statute of limitations in the case. In order to make the statute available as a defence it must be pleaded. *Murphy v. DeFrance*, 105 Mo. 53; *Hunter v. Hunter*, 50 Mo. 445; *Orr v. Rode*, 101 Mo. 387.

The judgment will be reversed and the cause remanded for new trial. All concur except BARCLAY, J., absent.