749 F.Supp. 979 (1990)
Mary E. GANNON, Plaintiff,
v.
SHERWOOD MEDICAL COMPANY, Defendant.
No. 89-1971C(6).
United States District Court, E.D. Missouri, E.D.
November 1, 1990.
*980 John Bleckman, St. Louis, Mo., for plaintiff.
Thomas O. McCarthy, McMahon, Berger, Hanna, Linihan, Cody & McCarthy, St. Louis, Mo., Peggy Rabkin, New York City, for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on the motion of defendant Sherwood Medical Company to dismiss Count IV of plaintiff's complaint.
Plaintiff Mary Gannon brings this action alleging in Counts I and III of her complaint that defendant discharged her solely on account of her age and, thus, in violation of the Age Discrimination in Employment Act (ADEA) or solely in retaliation for the filing of a workers' compensation claim and, thus, in violation of Mo.Rev.Stat. § 287.780. As an alternative basis of recovery, plaintiff pleads in Count IV that defendant violated the public policy of the State of Missouri by discharging her on account of her age and in retaliation for the filing of a workers' compensation claim.
Defendant has moved to dismiss Count IV of plaintiff's complaint asserting that at-will employees have no independent cause of action for discharge in violation of public policy where the statutory scheme provides specific and exclusive remedies for the wrongs alleged. Defendant contends that plaintiff's claims under the ADEA and the retaliatory discharge provision of the workers' compensation statute are the sole remedies available to her.
Plaintiff argues that Count IV is designed to provide her with a cause of action in the event that her discharge was motivated by a combination of two factors: age discrimination and retaliation for the filing of a workers' compensation claim.
In passing on a motion to dismiss, a court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A motion to dismiss will not be granted merely because the complaint does not state with precision every element necessary for recovery. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1216 at 120 (1969). A complaint is sufficient if it "contain[s] allegations from which an inference fairly may be drawn that evidence on those material points will be introduced at trial." Id. at 122-23. A complaint should not be dismissed unless it "appears beyond doubt *981 that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46, 78 S.Ct. at 101-02.
Applying the aforementioned standard to this case, the Court concludes that defendant's motion should be granted.
Under Missouri law an employee may not maintain an action for wrongful discharge in violation of public policy unless the employee can demonstrate the existence of a statute, regulation or constitutional provision which clearly mandates the implication of such a policy. See Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 663 (Mo.1988) en banc. Although plaintiff makes reference to the ADEA and the Workers' Compensation statute as the basis for her public policy claim, she has offered no authority to support her contention that she may recover under her public policy theory even if she is unable to fully satisfy the requirements for recovery under either of the statutes.
There is no need for the Court to imply a cause of action based upon the policies mandated by the ADEA and the Workers' Compensation Act because those statutes contain remedial provisions which provide for direct recovery thereunder. In the public policy cases cited by plaintiff, the provisions upon which the employees relied to demonstrate the existence of a particular public policy did not provide for direct recovery. See Smith v. Arthur C. Baue Funeral Home, 370 S.W.2d 249 (Mo.1963); Beasley v. Affiliated Hospital Prod., 713 S.W.2d 557 (Mo.Ct.App.1986); Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859 (Mo.Ct. App.1985).
Because each of the statutes on which plaintiff relies contains a remedial provision, the Court concludes that plaintiff's claim for recovery based on the violation of a public policy evinced by both statutes is duplicative and unwarranted. The Court will reserve the resolution of the "mixed motive" issue until such time as plaintiff submits Counts I and III to the jury.