758 F.Supp. 1317 (1991)
Susan KRAMER, Plaintiff,
v.
ST. LOUIS REGIONAL HEALTH CARE CORPORATION, Defendant.
No. 90-2342C(6).
United States District Court, E.D. Missouri, E.D.
March 20, 1991.
*1318 Theodore Dearing, Dearing & Hartzog, St. Louis, Mo., for plaintiff.
Michael P. Burke, Cornelius McGrath, Bryan, Cave, McPheeters & McRoberts, St. Louis, Mo., for defendant.

MEMORANDUM
GUNN, District Judge.
This matter is before the Court on defendant's motion to dismiss Count I of plaintiff's complaint.
Plaintiff filed suit against defendant in state court alleging wrongful termination based on her handicap, in violation of Missouri common law, the Missouri Human Rights Act, Mo.Rev.Stat. § 213.010, and the Rehabilitation Act, 29 U.S.C. § 701 et seq. The case was removed to this Court by defendant. In the present motion, defendant states that Count I of plaintiff's complaint, in which she alleges the common law tort of wrongful termination, should be dismissed for failure to state a claim.
When ruling on a motion to dismiss, this Court must take the allegations of the complaint as true, construing the complaint and all reasonable inferences therefrom, in a light most favorable to the pleader. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). Therefore, "a motion to dismiss a complaint should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief." Id.
In this case, defendant states that plaintiff does not allege any contract of employment with defendant, and therefore, that plaintiff was an employee at will capable of being discharged with or without cause, citing Johnson v. McDonnell Douglas, 745 S.W.2d 661 (Mo. banc 1988). Furthermore, defendant states that plaintiff has not alleged a violation of any statutory provision in Count I. Finally, defendant states that when a federal or state statute provides relief for an alleged wrong, plaintiff's claim based on common law should be dismissed.
In response, plaintiff states that Count I is a form of alternative pleading, in the event that one of the claims asserted in the other counts is defective or otherwise is precluded. In addition, plaintiff states that the allegations asserted in Count I constitute a public policy exception to the "at will" doctrine, in that discrimination against handicapped individuals is against public policy.
The Court notes at the outset that Count I does not specifically allege discrimination in violation of a public policy. Furthermore, plaintiff has not asserted that she could recover under a public policy theory even if she could not satisfy the requirements for recovery under either of the other statutes mentioned in the complaint. The statutes alleged in Counts II and III contain remedial provisions which provide for direct recovery, similar to the situation in a recent case before this Court, Gannon v. Sherwood Medical Co., 749 F.Supp. 979 (E.D.Mo.1990). In that case, the plaintiff attempted to assert a common law public policy claim based on wrongful discharge because of her age. In addition, plaintiff alleged violations of the Age Discrimination in Employment Act and another state statute.
In granting defendant's motion to dismiss plaintiff's common law claim, this Court held,
Because each of the statutes on which plaintiff relies contains a remedial provision, the Court concludes that plaintiff's claim for recovery based on the violation *1319 of a public policy evinced by both statutes is duplicative and unwarranted.
Gannon, 749 F.Supp. at 981.
The Court finds that the present case mirrors the Gannon case, and that plaintiff's allegations in Count I should be dismissed.
An appropriate order will accompany this memorandum.

ORDER
In accordance with the memorandum filed this date and incorporated herein,
IT IS HEREBY ORDERED that the defendant's motion to dismiss Count I is granted, and Count I of plaintiff's complaint against defendant is dismissed with prejudice.