**ST. LOUIS COUNTY, Appellant/Plaintiff,**

v.

**Thomas P. MOORE, et al., Respondents/Defendants.**

**No. 59715.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 29, 1991.

Douglas B. Rudman, Michael A. Shuman, Asst. County Counselors, Clayton, for appellant/plaintiff.

Nicholas Glen Higgins, Clayton, K. Steven Jones, Ellen Levy Siwak, Evans & Dixon, St. Louis, respondents/defendants.

CRANE, Judge.

Plaintiff, St. Louis County, appeals from the order of the trial court dismissing its claim for common law trespass on real property on the grounds that 1) the county had no common law cause of action for trespass and 2) the county had an exclusive statutory remedy for trespass under § 49.-490 RSMo 1986 which was barred by a three year statute of limitations. We reverse on the grounds that the statutory remedy for § 49.490 is not exclusive and that the county could properly bring an action for common law trespass which is governed by a five year statute of limitations.

Missouri courts have long recognized that a Missouri county has a common law right to sue for trespass on real property. *Stoddard County v. Malone*, 22 S.W. 469 (Mo.1893). This cause of action is governed by a five year statute of limitations. § 516.120(3) RSMo 1986.

Counties also have a specific statutory cause of action for trespass. Section 49.-490 RSMo 1986 provides:

> If any person commit any waste, trespass or other injury in or upon any county buildings or other property belonging to any county, he shall forfeit and pay, to the use of the county, fourfold damages, to be recovered in the name of the county, in such form of action as individuals may maintain for like injuries to their property.

Since this statute provides for a penalty, the applicable statute of limitations is three years. § 516.130(2) RSMo 1986. St. Louis County argues that the trial court erred in holding this section to be the exclusive remedy for counties bringing trespass actions. We agree.

The applicable rule in determining whether a statute is exclusive of or cumulative to common law remedies is stated as follows:

> [I]f the statute gives a remedy in the affirmative, without containing any express or implied negative, for a matter which was actionable at common law, this does not take away the common law remedy, but the party may still sue at common law as well as upon the statute. In such cases the statute remedy will be regarded as merely cumulative. But where a new right or means of acquiring it is given, and an adequate remedy for violating it is given, in the same statute, then the injured parties are confined to the statutory remedy.

*Hickman v. City of Kansas*, 120 Mo. 110, 117, 25 S.W. 225, 226 (1894). This rule has been restated by the Missouri Supreme Court in *Detling v. Edelbrock*, 671 S.W.2d 265, 271–72 (Mo. banc 1984) as follows: "The rule emerging from our prior decisions is that a statutory right of action shall not be deemed to supersede and displace remedies otherwise available at common law in the absence of language to that effect unless the statutory remedy fully comprehends and envelopes the remedies provided by common law."

Section 49.490 does not contain any language indicating that it supersedes any remedies at common law. It does not establish a new right or means of acquiring a remedy. It does not fully comprehend or envelope the remedies provided by common law, which include punitive damages. *Crook v. Sheehan Enterprises, Inc.*, 740 S.W.2d 333, 337 (Mo.App.1987). It merely provides for fourfold damages where the plaintiff is a county. Thus the statutory remedy is cumulative to the common law right to sue for trespass and collect actual and punitive damages. This statute strengthened the county's remedies, it did not limit them. The county has both the common law action and the statutory action under § 49.490 for trespass available to it.

The order of the trial court is reversed and the case is remanded to the trial court.

REINHARD, P.J., and GARY M. GAERTNER, J., concur.