Freda OSBORN, Plaintiff,

v.

PROFESSIONAL SERVICE INDUSTRIES INC.,
Defendant.

No. 94–0598–CV–W–BC.

United States District Court,
W.D. Missouri,
Western Division.

Dec. 13, 1994.

Christopher R. Williams, Kansas City, MO, for plaintiff.

Frederick H. Riesmeyer, II, J. Dale Youngs, Spradley & Riesmeyer, Kansas City, MO, for defendant.

### ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COUNT II

LARSEN, United States Magistrate Judge.

Before the court is defendant's motion to dismiss count 2 of plaintiff's first amended complaint (which alleges wrongful discharge under Missouri law) on the grounds that the public policy exception to the employee-at-will doctrine is inapplicable to form the basis for a wrongful discharge claim where there is already a statutory provision which provides a remedy. Because the public policy exception cannot form the basis for a claim for wrongful discharge unless there is no remedy to protect the interests of the aggrieved employee or society, and because the Age Discrimination in Employment Act provides a remedy for the alleged wrongful termination, plaintiff's count 2 will be dismissed for failure to state a claim upon which relief may be granted.

## I. BACKGROUND

On June 23, 1994, plaintiff filed a complaint alleging wrongful termination in violation of the Age Discrimination in Employment Act. Plaintiff's first amended complaint adds count 2, which is the subject of defendant's motion to dismiss, alleging wrongful termination in violation of Missouri's public policy exception to the at-will employment doctrine. The public policy for count 2 is allegedly contained in Article 1 § 2 of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution.

## II. MOTION TO DISMISS

 In ruling on a motion to dismiss, the court is required to view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). A complaint is not required to state with precision every element necessary for recovery. "A complaint is sufficient if it 'contain[s] allegations from which an inference fairly may be drawn that evidence on those material points will be introduced at trial.'" *Gannon v. Sherwood Medical Company,* 749 F.Supp. 979, 980 (E.D.Mo. 1990). A motion to dismiss should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle her to relief. *Conley v. Gibson,* 355 U.S. at 45–46, 78 S.Ct. at 101–02.

Applying this standard to the facts of this case, I find that defendant's motion to dismiss count 2 should be granted for the reasons outlined below.

## III. PUBLIC POLICY

 Employers can discharge for cause or without cause an at-will employee who does not otherwise fall within the protective reach of a contrary statutory provision. *Beasley v. Affiliated Hospital Products,* 713 S.W.2d 557, 560 (Mo.Ct.App.1986). However, the public policy exception is a narrow exception to the at-will employment doctrine. *Boyle v. Vista Eyewear, Inc.,* 700 S.W.2d 859,

871 (Mo.Ct.App.1985). It provides that when an employer has a statutory, regulatory, or constitutional duty to refrain from discharging an employee for a specified reason and the employer breaches that duty, the at-will employee may have a cause of action for wrongful discharge. *Luethans v. Washington University,* 838 S.W.2d 117, 120 (Mo.Ct. App.1992); *Boyle v. Vista Eyewear, Inc.,* 700 S.W.2d at 871.

The rationale behind the public policy exception is the vindication or the protection of certain strong policies of the community; and if these policies or goals are preserved by other remedies, then the public policy is sufficiently served. *Prewitt v. Factory Motor Parts, Inc.,* 747 F.Supp. 560, 565 (W.D.Mo.1990). Therefore, application of the public policy exception requires two factors: (1) that the discharge violate some well-established public policy; and (2) that there be no remedy to protect the interests of the aggrieved employee or society. *Id.*

Paragraph 4 of count 2 of plaintiff's first amended petition reads as follows:

> Plaintiff was an at will employee and her termination was in violation of the public policy of the State of Missouri. More specifically, defendant's termination of the plaintiff violated public policy established by Article 1 § 2 of the Constitution of the [S]tate of Missouri and the Fourteenth Amendment of the United States Constitution and the public policy established in the Age Discrimination in Employment Act, 29 U.S.C. § 621.

In her response to defendant's motion to dismiss, plaintiff admits that the ADEA does not create the cause of action since it has its own remedial provision. However, plaintiff argues that since the constitutional provisions cited in her amended complaint do not contain remedial provisions, they can form the basis for a public policy claim.

In order to survive a motion to dismiss, a claim of wrongful termination based on the public policy exception must be based on a policy which has no remedy in any statute, regulation, or constitutional provision. It is not enough to show that a constitutional provision exists which creates a policy but does not provide a remedy. Plaintiff must show that no remedy for that wrong exists anywhere, not just that no remedy for that wrong exists in the constitutional provision. Therefore, it is not enough to show that Article 1 § 2 of the Missouri Constitution and the Fourteenth Amendment to the United States Constitution support an argument that it is against public policy to terminate an employee solely on the basis of age. Plaintiff must also show that the law does not provide a remedy for this kind of wrongful termination. Obviously the Age Discrimination in Employment Act provides a remedy for this type of wrong. Therefore, plaintiff has not presented facts that would bring her within Missouri's public policy exception.

The Missouri courts are clear that the public policy exception is a narrow exception. If the Missouri Constitution or the Fourteenth Amendment to the United States Constitution were capable of creating a cause of action for discriminatory termination, the at-will employment doctrine would effectively be abolished and the exception would swallow the rule.

Plaintiff also argues in her response that Federal Rule of Civil Procedure 8(e)(2) allows her to plead in the alternative; and that, although she may be required to elect remedies prior to trial, she should be allowed to plead the public-policy claim alternatively to the ADEA claim. The problem with this theory is that count 2 fails to state a claim at all, it is not merely an alternative theory of recovery. In order to be an alternative theory, plaintiff must be able to show that she could recover under the public policy claim even if she is unable to fully satisfy the requirements for recovery under the ADEA. *Gannon v. Sherwood Medical Company,* 749 F.Supp. 979, 980 (E.D.Mo.1990). Because plaintiff could not prove that a remedy does not exist for her claim of wrongful termination on the basis of age, she cannot show that she could recover under count 2 even if she is unable to fully satisfy the requirements for count 1.

## IV. CONCLUSION

Because plaintiff cannot show that there is no remedy to protect the interests of an

employee terminated on the basis of age, she has failed to present facts that would bring her within Missouri's public policy exception. Therefore, count 2 fails to state a claim for which relief may be granted.

It is

ORDERED that defendant's motion to dismiss count 2 is granted.