945 F.Supp. 1242 (1996)
Margaret NICHOLS, Plaintiff,
v.
AMERICAN NATIONAL INSURANCE COMPANY, Defendant.
No. 4:95CV1630 JCH.
United States District Court, E.D. Missouri, Eastern Division.
October 15, 1996.
*1243 Tamara Cummings, Timothy Phillips, Phillips and Phillips, St. Louis, MO, for Margaret Nichols.
Fred Ricks, McMahon and Berger, St. Louis, MO, for American National Ins. Co.

MEMORANDUM AND ORDER
HAMILTON, Chief Judge.
This matter is before the Court on Defendant American National Insurance Company's Motion to Dismiss Counts III, IV, and VI of Plaintiff's Complaint, filed December 1, 1995. Because the Court considered information contained in affidavits and exhibits presented in connection with the motion to dismiss, the motion will instead be viewed as one for summary judgment.[1]

BACKGROUND
Plaintiff Nichols instituted this action on August 28, 1995. Plaintiff's Complaint is in *1244 seven (7) Counts. Count I alleges Plaintiff was discriminated against because of her sex, female, and that she is entitled to relief pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. ("Title VII"). In Count II, Plaintiff alleges a claim of sexual harassment and asks for relief again pursuant to Title VII. In Count III, Plaintiff alleges a breach of contract claim. In Count IV, Plaintiff alleges a breach of a covenant of good faith and fair dealing. In Count V, Plaintiff alleges a claim of tortious interference with business expectancy. In Count VI, Plaintiff alleges a claim for intentional infliction of emotional distress, and in Count VII, Plaintiff alleges a claim for punitive damages based on her Title VII claims. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 1).
On December 1, 1995 Defendant filed its Motion for Summary Judgment with respect to portions of Plaintiff's Complaint. In such motion, Defendant presented the following claims:
1. Plaintiff's Count III breach of contract claim must be dismissed because she was an at-will employee. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 2).
2. Plaintiff's Count III breach of contract claim based on promissory estoppel is insufficient to state a cause of action. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 5).
3. Plaintiff's Count IV claim of breach of covenant of good faith and fair dealing must be dismissed because Missouri courts do not recognize such a cause of action for at-will employees. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 6).
4. As an at-will employee, Plaintiff cannot state a claim for intentional infliction of emotional distress relating to her employment. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 8).
5. Plaintiff's Claims in Counts III, IV, V and VI are preempted by the Missouri Workers' Compensation Law which provides the exclusive remedy for emotional distress inflicted during her employment. (Defendant's Memo in Support of its Motion for Summary Judgment, P. 9).
Plaintiff filed her Response to Defendant's Motion for Summary Judgment on January 17, 1996, and Defendant filed its Reply to such Response on January 29, 1996. Plaintiff filed further supporting affidavits on March 11, 1996.

SUMMARY JUDGMENT STANDARD
The Court may grant a motion for summary judgment if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Id.
A moving party always bears the burden of informing the Court of the basis of its motion. Celotex, 477 U.S. at 323, 106 S.Ct. at 2552-53. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed.R.Civ.P. 56(e); Anderson, 477 U.S. at 247, 106 S.Ct. at 2510. The nonmoving party may not rest upon mere allegations or denials of his pleading. Anderson, 477 U.S. at 256, 106 S.Ct. at 2514.
In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in his favor. Id. at 255, 106 S.Ct. at 2513-14. The Court's function is not to weigh the evidence but to determine whether there is a genuine issue for trial. Id. at 249, 106 S.Ct. at 2510-11.

*1245 ANALYSIS

As stated above, Defendant presented five separate claims in its Motion for Summary Judgment. The Court will address each of Defendant's allegations in turn.

I. Plaintiff's Count III breach of contract claim must be dismissed because she was an at-will employee.
Defendant contends that Plaintiff may not assert a claim for breach of contract, because as an at-will employee, she could be dismissed with or without cause.[2] In her Response, Plaintiff first alleges that based upon both the Manual of Instructions for Agents ("employment manual"), and the Collective Bargaining Agreement ("CBA"), Plaintiff was a contract employee, and thus entitled to bring a breach of contract claim for wrongful discharge.
With respect to the employment manual under which Plaintiff was to operate, numerous Missouri courts have refused to base the existence of a contract upon such handbooks. See, e.g., Johnson v. McDonnell Douglas Corp., 745 S.W.2d 661, 662 (Mo. 1988) ("McDonnell's unilateral act of publishing its handbook was not a contractual offer to its employees"); Green v. St. Louis Housing Authority, 911 F.2d 65, 71 (8th Cir.1990) ("Therefore, the mere fact that HA has published a handbook, stating policies and procedures, does not give Green an entitlement under Missouri law to continued employment"); Greeno v. Little Blue Valley Sewer Dist., 995 F.2d 861 (8th Cir.1993). This Court therefore declines to hold that Plaintiff was a contract employee based upon Defendant's employment manual.
Plaintiff further asserts that certain provisions of the CBA entitled her to status as a contract employee. Plaintiff references Egan v. Wells Fargo Alarm Serv., in which the Eighth Circuit held that certain provisions of the CBA converted Plaintiff from at-will to a contract employee. Egan v. Wells Fargo Alarm Serv., 23 F.3d at 1446-47. Plaintiff alleges that because the CBA between her union and Defendant contains provisions similar to those found in Egan, she too must be viewed as a contract employee.
While Plaintiff correctly notes the similarities between the two CBAs, she neglects to discuss several important distinctions. First, the CBA in Egan granted non-probationary union employees job protection during the three year term of the union contract; Plaintiff's CBA affords no such protection. Further, the Court in Egan holds as follows:
Moreover, Article XV impliedly contrasts the contract rights of non-probationary employees with those of probationary employees. The employer has the right to discharge probationary employees "with or without cause"; probationary employees cannot avail themselves of Article XIII grievance procedures. While the agreement does not contain an explicit "just cause" or "good cause" provision, the clear implication of Article XV is that non-probationary union employees, in contrast to probationary employees, may not be terminated at-will or without good cause.
Egan v. Wells Fargo Alarm Serv., 23 F.3d at 1446. Plaintiff alleges that because she too began as a probationary employee, her conversion to non-probationary entitles her to contract employee status.
In making such argument, Plaintiff ignores one very important distinction between her CBA and the one in Egan. Article Three of Plaintiff's CBA reads in relevant part:
Without limiting the generality of the foregoing in any way, the right to manage its business and to direct and control its agents includes, but is not limited to: ...
2. The right to suspend or discharge its agents  the parties recognize that nothing contained herein establishes a "just cause" standard for discharge or discipline.
(CBA Between American National Insurance Co. and United Food and Commercial Workers Internat'l Union, Article Three). Unlike the CBA in Egan, which "impliedly contrasted" *1246 the rights of probationary and non-probationary employees, Plaintiff's CBA explicitly states that a "just cause" standard will not apply to any of its agents, whether probationary or not. Plaintiff's CBA therefore clearly articulates the at-will status of the employees governed by it, and thus the Court may not view Plaintiff as a contract employee for purposes of her wrongful discharge claim.
As a result of her status as an at-will employee, as stated above Plaintiff may be fired for any reason or no reason. Missouri does recognize a narrow public policy exception to such rule, however, as follows: "An at-will employee may state a claim under Missouri's public policy exception when an employer's act of discharging the employee is violative of a statute, a regulation based on a statute, or a constitutional provision." Saffels v. Rice, 40 F.3d 1546, 1550 (8th Cir.1995) (citations omitted). Plaintiff maintains that her alleged constructive discharge falls within this exception, as it violated the mandates of Title VII.
In Osborn v. Professional Serv. Industries, Inc., the court explained the rationale behind the public policy exception as the vindication or protection of certain strong policies of the community. Osborn v. Professional Serv. Industries, Inc., 872 F.Supp. 679, 681 (W.D.Mo.1994). However, the court continued as follows:
... and if these policies or goals are preserved by other remedies, then the public policy is sufficiently served. Prewitt v. Factory Motor Parts, Inc., 747 F.Supp. 560, 565 (W.D.Mo.1990). Therefore, application of the public policy exception requires two factors: (1) that the discharge violate some well-established public policy; and (2) that there be no remedy to protect the interests of the aggrieved employee or society. Id.

Osborn v. Professional Serv. Industries, Inc., 872 F.Supp. at 681. The Missouri Court of Appeals, Eastern District, elaborated upon the above standard as follows:
A statutory remedy shall not be deemed to supersede and displace remedies otherwise available at common law in the absence of language to that effect unless the statutory remedy fully comprehends and envelopes the remedies provided by common law.

Shawcross v. Pyro Products, Inc., 916 S.W.2d 342, 345 (Mo.App.1995) (quoting Prewitt v. Factory Motor Parts, Inc., 747 F.Supp. 560, 565 (W.D.Mo.1990)). Therefore, because the statute upon which Plaintiff relies, i.e., Title VII, contains a comprehensive remedial provision, the Court concludes that allowing Plaintiff's claim for wrongful discharge based on a violation of public policy evinced by such statute would be duplicative and unwarranted. Gannon v. Sherwood Medical Co., 749 F.Supp. 979, 981 (E.D.Mo. 1990); Kramer v. St. Louis Regional Health Care Corp., 758 F.Supp. 1317, 1318-19 (E.D.Mo.1991).[3]

II. Plaintiff's Count III breach of contract claim based on promissory estoppel is insufficient to state a cause of action.
Defendant further alleges that Plaintiff may not rely upon a theory of promissory estoppel to support her breach of contract claim. Under similar facts, the Missouri Court of Appeals held as follows:
While plaintiff has alleged detrimental reliance on defendants' promise of employment, he failed to allege reliance on a promise of employment for a definite term. Thus plaintiff has merely alleged reliance on a promise of employment at will. Such an allegation is insufficient to state a cause of action for wrongful discharge.
Rosatone v. GTE Sprint Communications, 761 S.W.2d 670, 672 (Mo.App.1988). Because this Plaintiff too relies merely on a promise of employment at-will, her allegations are insufficient to support a claim for wrongful discharge based upon promissory estoppel.
Therefore, Defendant's Motion for Summary Judgment with respect to Plaintiff's *1247 claim for Breach of Contract is hereby granted.

III. Plaintiff's Count IV claim of breach of covenant of good faith and fair dealing must be dismissed because Missouri courts do not recognize such a cause of action for at-will employees.
In its Motion for Summary Judgment, Defendant further moved to dismiss Plaintiff's Count IV claim for Breach of Covenant of Good Faith and Fair Dealing. Plaintiff offered no rebuttal to Defendant's allegations in her Response.
As discussed above, the Court finds that Plaintiff was an employee at-will, rather than a contract employee. The Court's review of Missouri law reveals that Missouri courts have declined to read a duty of good faith and fair dealing into at-will employment. For example, in Kempe v. Prince Gardner, Inc., this Court held:
Although other jurisdictions that follow this doctrine (of employment at-will) have created an exception in the form of an implied covenant of good faith and fair dealing, Missouri has not done so. Plaintiff does not contend that Missouri has done so, but plaintiff contends that Missouri would do so if the opportunity arose today.
This Court is not convinced, however, that there is sufficient evidence to conclude that Missouri would adopt such an exception to the employment at will doctrine.
Kempe v. Prince Gardner, Inc., 569 F.Supp. 779, 781-2 (E.D.Mo.1983). See also, Neighbors v. Kirksville Coll. of Osteopathic Medicine, 694 S.W.2d 822, 824 (Mo.App.1985) ("Missouri law concerning at will employees may not be circumvented by an employee who alleges a contract of good faith and fair dealing between the employer and employee"); Fink v. Revco Discount Drug Centers, Inc., 666 F.Supp. 1325 (W.D.Mo.1987).
Therefore, Defendant's Motion for Summary Judgment with respect to Plaintiff's claim for Breach of Covenant of Good Faith and Fair Dealing is hereby granted.

IV. As an at-will employee, Plaintiff cannot state a claim for intentional infliction of emotional distress relating to her employment.
Defendant next alleges that Plaintiff's claim for intentional infliction of emotional distress under Count VI must also fail as a result of her status as an at-will employee. Missouri courts have held that a plaintiff may not subvert the at-will employment doctrine by bringing a claim for wrongful discharge under the guise of an action for infliction of emotional distress. Neighbors v. Kirksville Coll. of Osteopathic Medicine, 694 S.W.2d at 824. Such holding encompasses claims for both negligent and intentional infliction of emotional distress. Brown v. Southland Corp., 620 F.Supp. 1495, 1497 (E.D.Mo.1985).
Defendant further asserts that Plaintiff's claim for intentional infliction of emotional distress is barred, as the Missouri Workers' Compensation Law provides the exclusive remedy for such injuries. Waldermeyer v. ITT Consumer Financial Corp., 767 F.Supp. 989, 993 (E.D.Mo.1991) ("The law is that Missouri's Workers' Compensation Law provides the exclusive remedy for emotional distress inflicted during the course of employment"); Harrison v. Reed Rubber Co., Inc., 603 F.Supp. 1456 (E.D.Mo.1984). The exclusivity provision of the Missouri Workers' Compensation Law, set forth in § 287.120.2, provides:
The rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee ... at common law or otherwise, on account of such accidental injury or death, except such rights and remedies as are not provided for by this chapter.
Mo.Rev.Stat. § 287.120.2 (Supp.1992). The Missouri Supreme Court has determined that Missouri's "workers' compensation law is substitutional; it supplants all other common-law rights of an employee if the act is applicable." State ex rel. McDonnell Douglas Corp. v. Ryan, 745 S.W.2d 152, 153 (Mo. banc 1988). Defendant thus maintains that because Plaintiff's alleged injuries were inflicted during the course of her employment, her common-law claim of intentional infliction *1248 of emotional distress is supplanted by the Missouri Workers' Compensation Law.[4]
In Kientzy v. McDonnell Douglas Corp., 990 F.2d 1051 (8th Cir.1993), the Eighth Circuit recognized an exception to the Workers' Compensation exclusivity provision. In that case, Plaintiff claimed that her emotional distress injury resulted from her unemployment following the discriminatory discharge. The Court found that because such injury did not arise "out of and in the course of ... employment," Mo.Rev.Stat. § 287.120 (Supp. 1992), the Workers' Compensation Law did not apply, and Plaintiff's claim was not barred. Kientzy v. McDonnell Douglas Corp., 990 F.2d at 1060. See also, Drake v. U.S. Road & Rail, Inc., 1992 WL 63392 (E.D.Mo.1992) ("His (Plaintiff's) alleged injuries are not due to any `accident' and did not occur while employed or were caused by his employment. It is the fact that he is not employed which plaintiff claims gave rise to his emotional injuries. In this context, defendant's actions and plaintiff's injuries are not within the realm of coverage contemplated by the Missouri Workers' Compensation Act").
In the present case, the basis for Plaintiff's claim of intentional infliction of emotional distress was not the act of discharge itself, as Plaintiff concedes that she was "constructively discharged." Rather, Plaintiff relies on the extreme and outrageous acts of Defendant, including numerous instances of sexual harassment, that were allegedly committed during Plaintiff's employment. (Plaintiff's Complaint, ¶¶ 30-60). Because these acts and the emotional injuries flowing from them necessarily occurred during the course of Plaintiff's employment, the Court holds that Missouri's Workers' Compensation Law provides the exclusive remedy for the emotional distress inflicted. Waldermeyer v. ITT Consumer Financial Corp., 767 F.Supp. at 993. Defendant's Motion for Summary Judgment with respect to Plaintiff's claim for intentional infliction of emotional distress is therefore granted.[5]

CONCLUSION
Accordingly,
IT IS HEREBY ORDERED that Defendant's Motion for Summary Judgment with respect to Plaintiff's Count III Breach of Contract claim (Docket # 9) is GRANTED.
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment with respect to Plaintiff's Count IV Breach of Covenant of Good Faith and Fair Dealing claim (Docket # 9) is GRANTED.
IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment with respect to Plaintiff's Count VI Intentional Infliction of Emotional Distress claim (Docket # 9) is GRANTED.
NOTES
[1] The motion will hereinafter be referred to as Defendant's Motion for Summary Judgment.
[2] Missouri's at-will employment doctrine provides that "an employer can discharge for cause or without cause an at-will employee who does not otherwise fall within the protective reach of a contrary statutory provision." Egan v. Wells Fargo Alarm Serv., 23 F.3d 1444, 1445 (8th Cir. 1994) (quoting Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 870-71 (Mo.App. 1985)).
[3] The Court acknowledges that in the case relied on by Plaintiff, Lucas v. Brown & Root, Inc., the Eighth Circuit held that Title VII did not preempt Plaintiff's state-law claim for breach of contract. Lucas v. Brown & Root, Inc., 736 F.2d 1202, 1206 (8th Cir.1984). However, Lucas was decided under the court's analysis of Arkansas law, rather than Missouri.
[4] In Sullivan v. Curators of the Univ. of Missouri, 808 F.Supp. 1420 (E.D.Mo.1992), this Court held that the Missouri Workers' Compensation Law did not preempt Plaintiff's claims for mental injury. That case is distinguishable, however, as the issue of emotional damages arose as part of a claim under the Missouri Human Rights Act, rather than under a common-law tort theory.
[5] As a result of the Court's rulings in both this Order and the one addressing Defendant's Motion for Summary Judgment for Count V, the Court finds it unnecessary to address the issue raised in Defendant's point 5 above.