520 F.Supp.2d 1137 (2007)
Michael HUANG, et al., Plaintiffs,
v.
GATEWAY HOTEL HOLDINGS d/b/a Millennium Hotel, St. Louis, Defendant.
No. 4:07CV00702 ERW.
United States District Court, E.D. Missouri, Eastern Division.
October 18, 2007.
*1138 *1139 Donna L. Harper, John D. Lynn, Sedey Harper, P.C., William E. Moench, William E. Moench Law Offices, St. Louis, MO, for Plaintiffs.
Gregg M. Lemley, Heidi Kuns Durr, Ogletree and Deakins, St. Louis, MO, for Defendant.

MEMORANDUM AND ORDER
E. RICHARD WEBBER, District Judge.
Plaintiffs Michael Huang, Kelli Schaper[1], Innocente Racanelli, and Melissa Dielschneider ("Plaintiffs") in this opt-in class action lawsuit allege in Count I of their complaint that Gateway Hotel Holdings ("Defendant"), violated their rights under the Fair Labor Standards Act of 1938 ("FLSA") by deducting pay for hours actually worked. They are primarily seeking compensatory relief under this Count. Counts II and III are brought solely by Plaintiff Huang and allege that Defendant discharged him unlawfully in retaliation for the complaints he lodged against these pay deductions, and that this retaliatory discharge violated the FLSA under Count II and Missouri's common law under Count III. Plaintiff Huang is seeking compensatory and injunctive relief under Counts II and III, along with punitive damages under Count III. This matter comes before the Court upon Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint [doe. # 5].
I. BACKGROUND AND PROCEDURAL HISTORY
Plaintiff Huang was a non-union hourly employee of Defendant at the Millennium Hotel, St. Louis, where he worked for approximately twenty-five (25) years as a server. Plaintiff Huang recorded his work hours by punching a time clock at the beginning of each shift. In January, 2006, Defendant announced a policy requiring Plaintiffs and other non-union employees to take a one-half hour unpaid meal break during any work shift of six hours or longer. Subsequently, Defendant deducted one-half hour of pay from each of Plaintiffs' shifts of six hours or more. Defendant did not provide Plaintiffs with a scheduled meal break, nor did Defendant relieve Plaintiffs of any work duties upon instituting this policy.
Plaintiff Huang complained to his supervisor, to the Human Resources Director, and to the General Manager, arguing that Defendant's deduction of pay for hours actually worked was illegal, Plaintiff-Huang alleges that he was fired within a month of his last complaint in retaliation for his complaints.
Plaintiffs filed the present action on April 10, 2007. In Count III of the Complaint,[2] Plaintiff Huang brings a claim pursuant *1140 to common law of the State of Missouri, invoking the public policy exception to the Missouri employment-at-will doctrine. In Count III, Plaintiff Huang seeks "lost wages and other benefits of employment; pre judgment interest; compensatory damages and compensation for special damages; injunctive relief, including but not limited to reinstatement or front pay; punitive damages; costs incurred; and additional relief as may be just and proper." On June 6, 2007, Defendant filed a Motion to Dismiss Count III of Plaintiff s Complaint [doe. # 5]; that motion is currently pending before this Court.
II. LEGAL STANDARD
Defendant moves to dismiss Count III of Plaintiffs' Complaint for failure to state a claim upon which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(6). A complaint shall not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of a claim entitling him or her to relief. Breedlove v. Earthgrains Baking, 140 F.3d 797, 799 (8th Cir.1998) (internal citations omitted). When considering whether to grant a motion to dismiss, the Court must assume that all allegations in the complaint are true and "construe all reasonable inferences" in the plaintiff's favor. Hafley v. Lohman, 90 F.3d 264, 267 (8th Cir.1996) (citing McCormack v. Citibank, N.A., 979 F.2d 643, 646 (8th Cir. 1992)).
A complaint should be dismissed if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant `set out in detail the facts upon which he basis his claim,' Rule 8(a)(2) still requires a `showing' rather than a blanket assertion of entitlement to relief." Bell Atlantic Corp. v. Twombly, ___ U.S. ___, ___ n. 3, 127 S.Ct. 1955, 1965 n. 3, 167 L.Ed.2d 929 (2007) (emphasis in original) (quoting Conley, 355 U.S. at 47, 78 S.Ct. 99). "[A] plaintiffs obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (internal citations omitted). While a court accepts factual allegations as true, it must "reject conclusory allegations of law and unwarranted inferences." Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir.1997). Factual allegations must "raise a right to relief above the speculative level." Bell Atlantic Corp., 127 S.Ct. at 1959.
III. DISCUSSION
The only issue before the Court on Defendant's Motion to Dismiss Count III of Plaintiffs' Complaint is whether Plaintiff Huang states a claim under Missouri's common law upon which relief can be granted.
A. THE MISSOURI PUBLIC POLICY EXCEPTION
An employee at will may generally be fired for "any reason or no reason." Nichols v. American Nat'l Ins. Co., 945 F.Supp. 1242, 1246 (E.D.Mo.1996). However, Missouri courts have carved out an exception to the employment at will doctrine. Osborn v. Prof'l Sen. Indus., Inc., 872 F.Supp. 679, 680 (W.D.Mo.1994). This exception permits a cause of action, for wrongful discharge "when an employer has a statutory, regulatory, or constitutional duty to, refrain from discharging an employee *1141 for a specified reason and the employer breaches that duty." Id. at 681 (citing Luethans v. Washington University, 838 S.W.2d 117, 120 (Mo.Ct.App.1992)). The retaliatory discharge of an employee may give rise to a cause of action under the Missouri public policy exception. See Boyle v. Vista Eyewear, Inc., 700 S.W.2d 859, 871 (Mo.Ct.App.1985). The rationale behind this doctrine "is the vindication or the protection of certain strong policies of the community." Osborn, 872 F.Supp. at 681; see also Trapp v. Von Hoffmann Press, Inc., 2002 WL 1969650 (W.D.Mo. June 12, 2002).
1. MISSOURI PUBLIC POLICY EXCEPTION IS NOT PREEMPTED BY THE FLSA
Plaintiff Huang has filed claims for wrongful termination under both the FLSA and Missouri common law. The Court first considered whether Plaintiff Huang's claim under Missouri common law has been preempted by the FLSA. A federal statute does not automatically preempt wrongful termination claims pursuant to state common law. "Ordinarily the mere existence of a federal regulatory or enforcement scheme, even one as detailed as [the Energy Reorganization Act], does not by itself imply pre-emption of state remedies." English v. General Electric Co., 496 U.S. 72, 87, 110 S.Ct. 2270, 110 L.Ed.2d 65 (1990); see also Schweiss v. Chrysler Motors Corp., 922 F.2d 473, 475 (8th Cir.1990) (OSHA allows a state wrongful discharge claim to proceed under Missouri's public policy exception).
Preemption of a state law may be "either express or implied." Gade v. National Solid Wastes Management Ass'n, 505 U.S. 88, 98, 112 S.Ct. 2374, 120 L.Ed.2d 73 (1992). Express preemption occurs when preemption is "expressly stated in the statute's language." Id. Express preemption is not present as the FLSA does not contain language indicating that it is intended to preempt the common law. Medina v. Chas Roberts Air. Conditioning, Inc., 2006 WL 2091665, at *4 (D.Ariz. July 24, 2006).
There are two types of implied preemption. Gade, 505 U.S. at 98, 112 S.Ct. 2374. The first type is field preemption, in which Congressional intent to supersede state law is implied from the extensive regulation of a field, such that "Congress left no room for the States to supplement it." Id. (quoting Rice v. Santa Fe Elevator Corp., 331 U.S. 218, 230, 67 S.Ct. 1146, 91 L.Ed. 1447 (1947)). Field preemption is not implicitly present under the FLSA as Congress has not regulated the field in a manner indicating an intent to supersede the common law, and as "there is a remaining area which is the subject for appropriate state regulation." Goldberg v. Wade Lahar Const. Co., 290 F.2d 408, 414 (8th Cir.1961); see also Nash v. Resources, Inc., 982 F.Supp. 1427, 1439 (D.Or.1997).
The second type of implied preemption occurs when an actual conflict exists between federal and state law. Fidelity Federal Say. & Loan Ass'n v. de la Cuesta, 458 U.S. 141, 153, 102 S.Ct. 3014, 73 L.Ed.2d 664 (1982). A stronger argument may be made that there is an actual conflict between Missouri common law and the FLSA as the common law allows awards of punitive damages, which may be considered "an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." Gade, 505 U.S. at 98, 112 S.Ct. 2374 (quoting Hines v. Davidowitz, 312 U.S. 52, 67, 61 S.Ct. 399, 85 L.Ed. 581 (1941)). However, this argument fails because preemption should not be implied absent "actual conflict." English, 496 U.S. at 90, 110 S.Ct. 2270. That a state law provides punitive damages while the federal statute does not is insufficient for a finding of actual conflict, *1142 as "[a]bsent some specific suggestion in the text or legislative history . . . we cannot conclude that Congress intended to preempt all state actions that permit the recovery of exemplary damages." English, 496 U.S. at 89-90, 110 S.Ct. 2270. The FLSA does not preempt the public policy exception under Missouri common law.
2. PUBLIC POLICY EXCEPTION IS A NARROW SAFEGUARD
Even though the public policy exception under Missouri common law has not been preempted by the FLSA, the Missouri public policy exception is a narrow safeguard, and its application is limited. The application of this exception is limited by its own terms when alternate remedies are available to a plaintiff. Two different standards have been utilized in court decisions considering whether a plaintiff may bring a claim under this exception.
The first line of cases state that for the public policy exception to apply, there can "be no [other] remedy to protect the interests of the aggrieved employee or society.'" See, e.g., Nichols, 945 F.Supp. at 1246. The "no other remedy" standard is not the law in Missouri. This standard was first seen in Missouri in a federal district court opinion. See Prewitt v. Factory Motor Parts, Inc., 747 F.Supp. 560 (W.D.Mo.1990). The "no other remedy" language used in Prewitt was borrowed from the language from a Pennsylvania district court decision. Prewitt v. Factory Motor Parts, Inc., 747 F.Supp. 560 (W.D.Mo.1990) (quoting Wehr v. Burroughs Corp., 438 F.Supp. 1052, 1055 (E.D.Pa.1977)). The "no other remedy" standard has almost been exclusively used in federal court decisions quoting Prewitt. See Trapp, 2002 WL 1969650, at *2; Nichols, 945 F.Supp. at 1246; Osborn, 872 F.Supp. at 680. This standard can only be found in one Missouri state appeals court opinion, and it was used merely as dicta in that opinion. Kirk v. Mercy Hosp. Tri-County, 851 S.W.2d 617, 620 (Mo.Ct.App. 1993). The "no other remedy" standard has never been relied on by a Missouri state court.
While the four district court opinions listed above relied upon the "no other remedy" standard, other Missouri state court opinions and federal district courts have analyzed whether "the statutory remedy fully comprehends and envelops" available common law remedies. See, e.g., Dierkes v. Blue Cross and Blue Shield of Mo., 991 S.W.2d 662, 668 (Mo. banc 1999); Shawcross v. Pyro Products, Inc., 916 S.W.2d 342, 345 (Mo.Ct.App.1995); Gentry v. Home Depot, Inc., 2007 WL 781829, at *3 (W.D.Mo.2007). These decisions recognize that the Missouri public policy exception is a narrow safeguard and declare that a statute, such as the FLSA, will not displace common law remedies "in the absence of language to that effect unless the statutory remedy fully comprehends and envelops the remedies provided by common law." Dierkes, 991 S.W.2d at 668 (internal citations omitted). This is the correct standard under Missouri law, and is the standard that the Court will apply in this case.
There is no indication in the language of the FLSA that the statute is intended to displace the common law. As a result, the court must consider whether the statutory remedy available under the FLSA "fully comprehends and envelops the remedies provided by common law." Id. The Court will dismiss Count III only if the statutory remedies comprehend and envelop Plaintiff Huang's remedies under a common law cause of action.
*1143 3. PUNITIVE DAMAGES ARE NOT AVAILABLE UNDER THE FLSA
In determining whether FLSA remedies comprehend and envelop remedies available under the common law, the first step of the Court's analysis is to determine what remedies are available under the FLSA. For violation of the antiretaliation provision, the FLSA provides "legal or equitable relief . . . including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). The Circuit Courts are divided on the issue of whether the phrase "legal and equitable relief in the FLSA allows for the recovery of punitive damages".[3] Compare Travis v. Gary Community Mental Health Ctr., Inc., 921 F.2d 108, 111-12 (7th Cir.1990) (punitive damages are an appropriate remedy for a tort such as retaliatory discharge, and the FLSA authorized "legal" relief which is understood to include punitive damages) with Snapp v. Unlimited Concepts, Inc., 208 F.3d 928, 934 (11th Cir.2000) (FLSA was intended to compensate victims, not punish violators, and punitive damages "would be out of place in a statutory provision aimed at making the plaintiff whole"). District Courts in Missouri have also reached conflicting conclusions on this issue. Compare O'Brien v. Dekalb-Clinton Counties Ambulance Dist., 1996 WL 565817 (W.D.Mo.1996) (the term "legal" relief encompasses compensatory and punitive damages); with Tucker v. Monsanto Co., 2007 WL 1686957 (E.D.Mo.2007) (no punitive damages for three reasons; (1) the principle of ejusdem generis; (2) the inclusion of punitive damages in criminal sanction section but not in the list of civil remedies; and (3) the similarity of the FLSA to the Age Discrimination in Employment Act which has been held to preclude punitive damages).
The Court, after considering the reasoning on each side, `has determined that the Plaintiff cannot recover punitive damages under the FLSA. What "legal and equitable relief is available must be determined through consideration of the statute as a whole". Snapp, 208 F.3d at 934. Only forms of compensatory relief are specifically enumerated in 29 U.S.C. § 216(b). The statutory canon ejusdem generis requires that "legal and equitable relief be interpreted to only include objects similar in nature to those objects enumerated." Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 114-15, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001). Additionally, the FLSA does specifically mention punitive damages, but only in the context of criminal enforcement. 29 U.S.C. § 216(a); see also Snapp, 208 F.3d at 935; Tucker, 2007 WL 1686957, at *2. The specific inclusion of punitive damages in the criminal sanctions section of the statute indicates that Congress did not intend for punitive damages to be an available remedy in civil litigation under the FLSA.
4. THE FLSA DOES NOT PROVIDE REMEDIES THAT COMPREHEND AND ENVELOP THE COMMON LAW
In determining whether the remedies available under the FLSA[4] fully comprehend and envelop those that are available under the Missouri public policy exception, the Court first considered the holding in Prewitt v. Factory Motor *1144 Parts, Inc., 747 F.Supp. 560 (W.D.Mo. 1990). In this decision, the district court held that the "public policy that would be furthered by a wrongful discharge claim . . . is fully vindicated" through the plaintiffs FLSA claim. Id. at 566.[5] However, as discussed above, the court in Prewitt applied the Pennsylvania "no other remedy" standard rather than the Missouri "comprehend and envelop" standard. Additionally, when Prewitt was decided, no court had determined that punitive damages were unavailable under the FLSA, and the decision in Prewitt was reached without any discussion regarding the availability of punitive damages. Since Prewitt was decided without consideration of whether the limited FLSA remedies comprehend and envelop those permitted under Missouri common law, that decision is not persuasive.
In determining whether the FLSA provides remedies which comprehend and envelop the common law, the Court considered various statutory remedial schemes that have been evaluated as to whether they comprehend and envelop the common law. The two decisions that involve remedial schemes most relevant to the case at hand are the decisions in Dierkes and St. Louis County v. Moore. In Dierkes, the Missouri Supreme Court found that the statute at issue did not comprehend and envelop the common law for three reasons, the third being that the "common law actions provide for different remedies than the statutory scheme. For example, punitive damages may be assessed." Dierkes, 991 S.W.2d at 668. Similarly, the court in St. Louis County found that the statutory remedy "does not fully comprehend or envelop the remedies provided by common law, which include punitive damages." St. Louis County v. Moore, 818 S.W.2d 309, 310 (Mo.Ct.App.1991). The statutory remedy was held not to be comprehensive notwithstanding that the statute allowed for punitive-type damages such as "fourfold damages where the plaintiff is a county." Id.
The cases in which courts have found that the statutory remedy comprehends and envelops the common law can be distinguished from the facts at hand. For example, the statutory remedy was deemed to be comprehensive when it encompassed all of the remedies available under the common law and "encompasses all of the relief requested by" the plaintiff. Trapp, 2002 WL 1969650, at *3. This rationale is unsuccessful in the present action as the FLSA does not allow the recovery of punitive damages and the plaintiff is requesting an award of punitive damages. In determining whether a statutory remedy comprehends and envelops the common law remedy, "Missouri courts focus on the relief available under the statute." Id. The unavailability of punitive damages under the FLSA prevents this statute from being comprehensive and enveloping the remedies provided by the Missouri common law.
IV. CONCLUSION
While an employer may have the right to discharge at-will employees for no reason, they do not have the right to discharge employees for unlawful reasons or reasons that contravene public policy. Petersimes v. Crane Co., 835 S.W.2d 514, 516 (Mo.Ct.App.1992). The public policy exception in Missouri protects employees *1145 who report "wrongdoing or violation of law or public policy by the employer . . . to superiors or third parties." Sivigliano v. Harrah's North Kansas City Corp., 188 S.W.3d 46, 48 (Mo.Ct.App.2006) (internal citations omitted). The Missouri public policy exception, provides a narrow safeguard, but it is a narrow safeguard that is not enveloped by the FLSA. The Plaintiff has not failed to state a claim upon which relief may be granted.
ACCORDINGLY, Defendant's Motion to Dismiss Count III of Plaintiffs Complaint [doc. # 5] is DENIED.
So Ordered.
NOTES
[1] Ms. Schaper's name is spelled both Kelli and Kelly in the pleadings that have been filed with the Court. The Court is unsure as to which spelling is correct and will use "Kelli" for the purposes of this Memorandum and Order.
[2] Plaintiff Huang brought his Complaint, along with former co-workers Kelli Schaper, Innocente Racanelli, and Melissa Dielschneider, as an "opt-in" collective action on behalf of an undetermined class of similarly situated employees and former employees of Defendant. As Count III is only brought by Plaintiff Huang and is the only count at issue in Defendant's Motion to Dismiss, this Order will not address the claims of Kelli Schaper, Innocente Rancanelli, or Melissa Dielschneider or the claims of Plaintiff Huang of violations under the Fair Labor Standards Act (Count I) or Retaliatory Discharge Under Fair Labor Standards Act (Count II).
[3] The Eighth Circuit has not yet considered this issue.
[4] In addition to not providing for punitive damages, other courts have found that the FLSA does not allow recovery for pain or suffering or emotional distress damages. See Tucker, 2007 WL 1686957, at *3.
[5] The Prewitt decision has been relied on by several courts for the proposition that the FLSA provides a complete statutory remedy. See, e.g. Trapp, 2002 WL 1969650, at *2; Shawcross, 916 S.W.2d at 345. However, these courts have relied on the holding of Prewitt without any discussion of whether the FLSA actually provided a complete statutory remedy.